**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2469

_____

Elsie Marie Mayard,                    *
                                       *
          Petitioner,                  *
                                       *
Petition for Review of an
     v.                                *              Order
of the Immigration
                                       *              a n d
Naturalization Service.
Immigration and Naturalization Service,               *
                                       *
[UNPUBLISHED]
          Respondent.                  *

_____

Submitted:  July 21, 1997

Filed:  August 6, 1997

_____

Before  BOWMAN,  FLOYD  R.  GIBSON,  and  MORRIS  SHEPPARD
ARNOLD,                    Circuit Judges.

_____

PER CURIAM.

     On March 6, 1997, the Board of Immigration Appeals
(BIA) denied Elsie Mayard's motion to reopen deportation
proceedings  for  consideration  of  an  application  for
suspension of deportation.  Mayard appealed that decision
to this court on May 29, 1997.  We dismissed Mayard's
appeal for lack of jurisdiction, and we now deny Mayard's
motion for reconsideration of that decision.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, § 306, 110 Stat. 3009, [1666] (1996), repealed section 106 of the Immigration and Nationality Act (INA) and replaced it with another judicial review provision. See IIRIRA § 306. IIRIRA was enacted on September 30, 1996, and most of its provisions did not take effect until April 1, 1997. See IIRIRA § 309(a). However, IIRIRA provided for certain transitional standards to be used during the period between the date of enactment and the effective date. Specifically, IIRIRA provides that aliens who are subject to "a final order of exclusion or deportation . . . entered more than 30 days after the date of the enactment of this Act" must file their petition for judicial review "not later than 30 days after the date of the final order of exclusion or deportation." IIRIRA § 309(c)(4)(C). This provision applies where the deportation proceedings were commenced before IIRIRA's effective date and concluded after October 30, 1996. IIRIRA § 309(c)(1), (4); Nguyen v. INS, No. 97-60396, 1997 WL 365031, *1 (5th Cir. July 2, 1997). As the BIA order here was entered in March 1997, Mayard's appeal--filed more than 30 days from that date--was properly dismissed as untimely. See Ibrik v. INS, 108 F.3d 596, 597 (5th Cir. 1997) (per curiam); Narayan v. INS, 105 F.3d 1335, 1335 (9th Cir. 1997) (per curiam order).

Mayard argues that section 309 is inapplicable, because she was not appealing from a final order of deportation but rather from a denial of a motion to reopen deportation proceedings. We find this argument is without merit, because the phrase "order of exclusion or

deportation" has traditionally been interpreted to include orders denying motions to reopen.  <u>See</u> <u>Chow v. INS</u>, 113 F.3d 659, 664 (7th Cir. 1997); <u>Choeum v. INS</u>, Nos. 96-1446, 97-1552, 1997 WL 356365, *12 (1st Cir. July 2, 1997).

Accordingly, Mayard's motion for reconsideration is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.