**Javier BERNAL–VALLEJO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 99–1211.**

United States Court of Appeals, First Circuit.

Submitted Oct. 5, 1999.

Decided Nov. 2, 1999.

---

James Hayes on brief for petitioner.

Nancy E. Friedman, Attorney, Office of Immigration Litigation, David W. Ogden, Acting Assistant Attorney General, and Richard M. Evans, Assistant Director, on brief for respondent.

Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

Javier Bernal–Vallejo ("Bernal") has been ordered deported and petitions for judicial review of that order. Whether this court has jurisdiction over his petition is a matter affected by one provision of the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, div. C, 110 Stat. 3009–546 (1996) (IIRIRA). That provision, IIRIRA § 309(c)(4)(E), says that "there shall be no appeal of any discretionary decision under section ... 244 [and other enumerated sections of the Immigration and Nationality Act]."

We hold that whether § 309(c)(4)(E) precludes jurisdiction depends on the precise grounds upon which the decision of the Board of Immigration Appeals rests and the precise nature of the claims made in the petition. That is, in general terms, § 309(c)(4)(E) precludes the exercise of jurisdiction only where: (1) the agency decision as to which review is sought is a "decision under" one of the enumerated

sections, and (2) the agency decision rests on a ground that is committed to agency discretion. Conversely, § 309(c)(4)(E) does not preclude the exercise of jurisdiction where the decision is not a "decision under" an enumerated section or where the ground on which the decision rests is not one committed to agency discretion. Some components of decisions made under the enumerated sections are not committed to agency discretion but are instead determinations of objective facts. Where the decision rests on these latter grounds, review is not precluded by § 309(c)(4)(E). We reject the Immigration and Naturalization Service's position that any decision related to a final order under one of the enumerated sections is within the scope of § 309(c)(4)(E)'s prohibition of judicial review. Even if this section does not preclude review, though, other doctrines may.

In Bernal's case, we conclude that § 309(c)(4)(E) precludes jurisdiction over his claim that the BIA erred in finding under the Immigration and Naturalization Act § 244, 8 U.S.C. § 1254 (repealed 1996), that he had not demonstrated extreme hardship, a qualification for a suspension of deportation. We further conclude that the section does not preclude jurisdiction over his constitutional due process argument, but that he has not exhausted his administrative remedies as to that argument. We dismiss the petition.

## I

Bernal is thirty-seven years old, single, and a citizen of Colombia. He studied chemical engineering in Colombia and his family still resides there. He entered this country without inspection in April 1986, his earlier application for a student visa having been denied. At some point after entry he bought a false social security card. In 1989 he attempted to obtain a green card fraudulently. With the help of

an intermediary (to whom he paid $2500), he and others attempted to pass themselves off as agricultural workers in Florida. The scheme unraveled when the group went to the INS office for interviews and the officers concluded after the first two interviews that these people were not agricultural workers. By the time the agents got to Bernal, later in line, they believed there was a fraudulent scheme, so informed Bernal, and asked him to cooperate. Bernal did cooperate with the government; however, at Bernal's later deportation hearing, the INS judge commented that Bernal would have gone through with the fraud if it had not been caught prior to his interview. In August 1990 he received employment authorization from the INS good for one year. After the authorization expired, he began working as a travel agent in Boston, stating untruthfully on his job application form that he was a U.S. citizen.

■ Deportation proceedings commenced with an Order to Show Cause on September 18, 1995, more than four years ago. Bernal conceded deportability. On October 9, 1996, an Immigration Judge found Bernal deportable, denied his application for suspension from deportation, but granted his request for voluntary departure. He appealed, and the BIA issued a decision on January 25, 1999, dismissing his appeal. In order to establish eligibility for suspension of deportation, an alien must meet three statutory requirements. *See* INA § 244.[1] The applicant must have been physically present in the United States for a continuous period of at least seven years. *See id.* § 244(a)(1). Once that is established, the applicant must show that he is a person of good moral character and was so throughout the seven years. *See id.* Finally, the applicant must show that deportation would be an extreme hardship to himself or a parent,

---

1. INA § 244 applies to this case even though § 244 has been repealed by IIRIRA § 308(b)(7). The new version is INA § 240A, 8 U.S.C. § 1229b, and "suspension of depor-

tation" is now referred to as "cancellation of removal." *See* IIRIRA § 304(a) (placing this form of relief in INA § 240A).

spouse, or child who is a U.S. citizen or lawful permanent resident. *See id.* Once the three eligibility criteria have been met, relief is available at the Attorney General's discretion, *see id.* § 244(a), with the applicant bearing the burden of showing that he warrants relief. *See Ramirez–Durazo v. INS,* 794 F.2d 491, 497 (9th Cir.1986) (stating that the alien bears the burden of demonstrating that he merits the favorable exercise of discretion to suspend deportation); *see also Alvarez–Flores v. INS,* 909 F.2d 1, 3 (1st Cir.1990) (noting that the alien "bears the burden of proving eligibility for asylum and for withholding of deportation").

The IJ in this instance did not base her decision on the objective factual determinations of whether there had been seven years of residence or whether Bernal had a lawful resident parent, spouse, or child for whom his deportation might cause hardship. It was undisputed that Bernal had been in the United States for seven years and that he had no such relatives. Indeed, the IJ found that he was not barred by the good moral character requirement. Her decision turned on her judgment that he had not established extreme hardship and that even if he had, it would be a "very close call" whether discretion should be exercised to suspend deportation. The BIA affirmed on the ground that Bernal had not shown extreme hardship within the meaning of INA § 244(a)(1).

## II

The arguments on appeal focus on whether § 309(c)(4)(E) precludes jurisdiction. Before reaching this question, there is a preliminary question of the source of any jurisdiction, even were § 309(c)(4)(E) preclusion not to apply. *See Goncalves v. Reno,* 144 F.3d 110, 113 (1st Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1140, 143 L.Ed.2d 208 (1999). Jurisdiction here

arises under INA § 106(a), 8 U.S.C. § 1105a(a), as amended by IIRIRA.[2] The parties agree that this case is governed by the IIRIRA transitional rules because Bernal was placed in deportation proceedings before April 1, 1997, and the final order of deportation was issued after October 31, 1996. The INS agrees that this court has jurisdiction under 8 U.S.C. § 1105a(a) of this timely filed petition for review unless IIRIRA § 309(c)(4)(E) precludes review. The exact basis for the denial of suspension of deportation and the nature of the challenge to that denial are important to the issue of whether § 309(c)(4)(E) precludes jurisdiction.

### A. Challenge Based on Extreme Hardship Determination

There is no dispute that the first criteria under § 309(c)(4)(E) is met: the decision from which Bernal appeals is a "decision under" one of the sections enumerated in § 309(c)(4)(E), specifically, § 244. *See Stewart v. INS,* 181 F.3d 587, 594 (4th Cir.1999); *see also Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, ——, 119 S.Ct. 936, 943, 142 L.Ed.2d 940 (1999) (stating that jurisdictional restrictions in 8 U.S.C. § 1252(g) apply only to "three discrete actions the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders.") (internal quotation marks omitted).

■ We turn to the second criteria: whether the decision turns on a matter committed to agency discretion. The INS argues broadly that any order denying discretionary motions seeking the underlying relief identified in § 309(c)(4)(E), such as adjustment of status or suspension of deportation under INA § 244, is within the jurisdictional prohibition of the section. We disagree and think the statute requires a more nuanced interpretation.

---

**2.** INA § 106 has been repealed by IIRIRA § 306(b)(1) and replaced with a judicial review provision codified at 8 U.S.C. § 1252.

■ Section 309(c)(4)(E) does not bar all appeals from final orders in the types of cases described by the referenced statutory sections, but only bars appeals of "discretionary" decisions made under those sections. This language contrasts with IIRIRA § 309(c)(4)(G), which does preclude "appeals" in cases of aliens who are inadmissible or deportable because they committed certain felonies. *Compare id.* § 309(c)(4)(E) ("[T]here shall be no appeal of any discretionary decision under [various sections of the INA] ...."), *with id.* § 309(c)(4)(G) ("[T]here shall be no appeal permitted in the case of an alien who is inadmissable or deportable by reason of having committed [certain criminal offenses] ...."), *and Ruckbi v. INS*, 159 F.3d 18, 21 (1st Cir.1998) (discussing absolute bar to any review by the courts of appeals in cases falling under § 309(c)(4)(G)). The question then becomes one of what is meant by the term "discretionary decision." It is clear that some aspects of a decision by the BIA as to whether suspension of deportation should be granted require objective factual determinations and that Congress gave the agency no discretion as to these determinations, while other aspects of the decision are discretionary.

■ One non-discretionary aspect of the § 244 determination is whether the minimum residency period has been met. We agree with *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997), which held that review of a determination regarding the minimum residency period requirement is not precluded by § 309(c)(4)(E).[3] As *Kalaw* points out, the determination of whether the seven year continuous presence requirement has been met is subject to legal standards that guide the inquiry. *See id.* at 1151; *see also Rosenberg* v. *Fleuti*, 374 U.S. 449, 460–63, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963) (describing factors to consider in determining whether pres-

ence in the United States has been continuous). Further, this court has viewed such determinations as factual, subject to review under the substantial evidence standard rather than the abuse of discretion standard. *See Meguenine v. INS*, 139 F.3d 25, 27 (1st Cir.1998) (reviewing BIA's determination that alien was ineligible for asylum and withholding of deportation under "substantial evidence" standard).

■ We have already noted one other example of such an objective criteria set by the Congress that is not committed to agency discretion. If the denial of suspension of deportation is based on an INS determination that a spouse is not a citizen, that determination of objective fact would be subject to judicial review. *See* INA § 106(a); *see also Goncalves*, 144 F.3d at 125 ("Analytically, the decision whether an alien is eligible to be considered for a particular discretionary form of relief is a statutory question separate from the discretionary component of the administrative decision whether to grant relief.").

■ The good moral character determination, the second eligibility factor, may involve either a non-discretionary question of fact or a discretionary determination. That is because a finding of lack of good moral character is required, under 8 U.S.C. § 1101(f), for aliens belonging to certain per se categories. For example, those convicted of aggravated felonies are per se considered to lack good moral character. *See id.* § 1101(f)(8). The BIA may not grant suspension of deportation or voluntary departure to someone within these per se categories, and so the agency lacks discretion. Thus, if a BIA decision turned on a dispute about whether the applicant fit into one of the per se categories, § 309(c)(4)(E) would not bar this court's review. If, however, the determination of lack of good moral character was not

---

3. Such objective determinations by the BIA would be reviewed under the "substantial evidence" standard. *See Cordero–Trejo v. INS*, 40 F.3d 482, 487 (1st Cir.1994); *see also*

*Mwongera v. INS*, 187 F.3d 323, 327 (3rd Cir.1999) (applying substantial evidence standard of review to BIA findings of fact in post-IIRIRA case).

based on the per se categories, then judicial review would be barred, for that determination would be a discretionary one.

Here, the denial of Bernal's application was based on a determination that he would not suffer extreme hardship if deported, the third eligibility requirement for suspension of deportation. This raises the question of whether the "extreme hardship" determination is a discretionary decision barred from judicial review by § 309(c)(4)(E). We hold that it is, and, thus, that we have no jurisdiction over Bernal's claim, on that ground, that the INS erred in denying him suspension of deportation. We join the Fifth and Ninth Circuits in so holding. *See Moosa v. INS*, 171 F.3d 994, 1012–13 (5th Cir.1999) (determining that the extreme hardship determination is discretionary and unreviewable under IIRIRA § 309(c)(4)(E)); *Kalaw*, 133 F.3d at 1152 (same). This is consistent with pre-IIRIRA law that had recognized that extreme hardship determinations were within the discretion of the BIA. *See INS v. Jong Ha Wang*, 450 U.S. 139, 144 & n. 5, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) ("[The] Attorney General['s] ... construction and application of [the extreme hardship] standard should not be overturned by a reviewing court simply because it may prefer another interpretation of the statute."); *Gebremichael v. INS*, 10 F.3d 28, 40 (1st Cir.1993) (noting that the INS has "considerable discretion" in defining extreme hardship and reviewing the extreme hardship determination for abuse of discretion); *Antoine–Dorcelli v. INS*, 703 F.2d 19, 21 (1st Cir.1983) ("The determination of 'extreme hardship' is committed to the sound discretion of the Attorney General.").

## B. Constitutional Claims

Bernal makes additional claims, clothed in constitutional garb. The first is an argument that Bernal's Ninth Amendment "natural rights" were violated by the failure of the IJ to sua sponte consider whether Bernal, who is gay, would face extreme hardship because of persecution of gay men in Colombia or was entitled to asylum as a member of a persecuted social group. *See, e.g., In re Toboso–Alfonso*, 13 Immigr. Rep. (MB) B1–29, at B1–30, –31 (B.I.A.1990). This claim presents no substantial constitutional question and is nothing more than a reframed attack on the discretionary extreme hardship determination over which this court has no jurisdiction.[4]

More significantly, Bernal argues that his due process rights were violated because his former counsel was so ineffective that Bernal did not obtain a fair hearing. No Sixth Amendment right to counsel is involved in deportation proceedings because they are civil and not criminal; nonetheless, this court has recognized that there is a due process violation if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. *See Lozada v. INS*, 857 F.2d 10, 13 (1st Cir.1988). Other circuits have agreed. *See, e.g., Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017, 1019–20 (6th Cir.1999) (discussing jurisdiction to review alien's due process claim based on ineffective assistance); *Castaneda–Suarez v. INS*, 993 F.2d 142, 144 (7th Cir.1993) (recognizing alien's Fifth Amendment right to due process in deportation proceedings and stating that ineffective counsel can result in denial of this right); *Esposito v. INS*, 987 F.2d 108, 111–12 (2d Cir.1993) (discussing elements alien must establish in asserting ineffective assistance claim); *Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985) (discussing exhaustion requirement where alien asserts due process claim based upon ineffective

---

**4.** Bernal also claims that the IJ's insufficient consideration of his homosexuality in determining extreme hardship constituted a denial of due process and equal protection. This claim, too, is nothing more than an attack on the discretionary determination over which this court lacks jurisdiction.

assistance). Leaving aside the question of whether prejudice can be presumed in certain fact settings, *cf. United States v. Loaisiga*, 104 F.3d 484, 487–88 (1st Cir.1997) (noting possibility that a denial of counsel in the immigration context, in some circumstances, might be so flagrant as to allow for presumption of prejudice), the applicant claiming a denial of due process must generally show prejudice, *see In re Lozada*, 6 Immigr. Rep. (MB) B1–31, at B1–33 (B.I.A.1988).

We hold that § 309(c)(4)(E) does not remove jurisdiction to review Bernal's claim of ineffective assistance of counsel amounting to a due process violation. This due process argument [5] does not involve a matter that Congress committed to agency discretion. *Accord Antonio–Cruz v. INS*, 147 F.3d 1129, 1130–31 (9th Cir.1998) (§ 309(c)(4)(E) does not preclude review of a due process claim).

Review is nonetheless precluded here by another doctrine: exhaustion of administrative remedies. Naturally enough, Bernal did not raise the ineffective assistance claim before the BIA; indeed, it is his counsel's actions before the IJ and BIA that give rise to the claim. Usually issues not raised before the BIA may not be raised for the first time on a petition for review. *See* 8 U.S.C. § 1105a(c); *Ravindran v. INS*, 976 F.2d 754, 761 (1st Cir. 1992) ("Issues not raised before the Board may not be raised for the first time upon judicial review of the Board's decisions."). This general rule is subject to the caveat that the BIA must have the power to address the matter as to which exhaustion is claimed. There are some claims of denial of due process or deprivation of constitutional rights that are exempt from this

exhaustion requirement because the BIA has no power to address them. *See id.* at 762. This case is not one of them.

The BIA has procedures to hear ineffective assistance of counsel claims through a motion to reopen under 8 C.F.R. § 3.2(c). Mindful that such claims may be frivolous and brought as a device to delay deportation, the BIA uses the criteria set forth in *In re Lozada*, 6 Immigr. Rep. at B1–33, –34, as a screening device and does not generally consider the merits of such claims until the alien has met certain threshold requirements. *See id.; In re Rivera–Claros*, 17 Immigr. Rep. (MB) B1–1, at B1–3, –4 (B.I.A.1996). Bernal informs us that he has filed such a motion to reopen.[6] The agency determination of that motion to reopen is not before us (and apparently has not yet taken place); what is before us is an agency determination that does not include the ineffective assistance claim. We decline to review the ineffective assistance claim because Bernal has failed to exhaust his administrative remedies.

One other possible resolution is noted. We are aware that the Eleventh Circuit has held that there is no recognizable liberty interest protected by due process if the deficient representation merely prevents the alien from being eligible for discretionary relief such as suspension of deportation. *See Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1148 (11th Cir.1999). The Eleventh Circuit view is contrary to *Lozada*, which involved an alien who conceded deportability because of criminal convictions but who applied for discretionary relief from deportation under then INA § 212(c), which allowed waiver of deporta-

---

5. Bernal also appears to assert that his attorney's failure to inform him of possible relief from deportation through an asylum claim and his attorney's failure to inform the IJ of the danger of homophobic violence in Colombia resulted in a violation of his equal protection rights. The claim is frivolous, and nothing is added to his basic due process claim by his reference to the equal protection clause.

6. Upon specific request, the BIA may grant a stay of deportation pending decision on a motion to reopen, but such a stay is not automatic. *See* 8 C.F.R. § 3.2(f); *In re Rivera–Claros*, 16 Immigr. Rep. (MB) B1–1, at B1–2 (B.I.A.1996) (stating that "filing of motion[ ] to reopen ... does not automatically stay an alien's deportation").

tion, and under INA § 244(e), which permitted voluntary departure in lieu of deportation. *See Lozada,* 857 F.2d at 11. Here, the INS argues only the exhaustion point, and, accordingly, there is no occasion to address this or any arguments about the strength of the ineffective assistance claim.

The petition for review is dismissed and the stay of deportation is vacated. So ordered.