**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NABIL MESSAOUDI,
Petitioner,

v.

No. 98-2838

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

NABIL MESSAOUDI,
Petitioner,

v.

No. 99-1828

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petitions for Review of Orders
of the Board of Immigration Appeals.
(A75-336-520)

Submitted: February 22, 2000

Decided: March 14, 2000

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

_____

No. 98-2838 dismissed and No. 99-1828 affirmed by unpublished per
curiam opinion.

_____

**COUNSEL**

Michael D. Fraidin, Baltimore, Maryland, for Appellant. David W. Ogden, Acting Assistant Attorney General, Laura Smith, James Hunolt, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In No. 98-2838, Nabil Messaoudi petitions for review of a final order of the Board of Immigration of Appeals ("Board") denying an application for asylum and withholding of deportation. In No. 99-1828, Messaoudi petitions for review of a final order of the Board denying his motion to reopen, reconsider and/or remand ("motion to reopen") the deportation proceedings. In No. 98-2838, we dismiss the petition for review for lack of jurisdiction because Messaoudi filed an untimely petition for review. In No. 99-1828, we affirm the Board's decision to deny the motion to reopen.

Because Messaoudi was in deportation proceedings prior to April 1, 1997, and the final order of deportation was issued more than thirty days after September 30, 1996, the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546, apply. See Lewis v. INS, 194 F.3d 539, 542 n.4 (4th Cir. 1999). Under the transitional rules, Messaoudi had thirty days after the date of the final order of exclusion in which to file a petition for review. See Hadera v. INS, 136 F.3d 1338, 1340 (D.C. Cir. 1998).

On August 12, 1998, the Board mailed its order to Messaoudi at the address listed on the notice of appeal. See Martinez-Serrano v.

2

INS, 94 F.3d 1256, 1259 (9th Cir. 1996) (time for filing a petition for review begins when the Board mails its order to the petitioner's address of record). Messaoudi did not file his petition for review until December 23, 1998. We note that the Board mailed the final order of exclusion to the address indicated on the notice of appeal. We also note that Messaoudi did not properly inform the Board of his change of address. Because Messaoudi did not file a timely petition for review, we dismiss No. 98-2838 for lack of jurisdiction. See Hadera, 136 F.3d at 1340; Mayard v. INS, 129 F.3d 438, 439 (8th Cir. 1997) (transitional rule providing for a thirty day appeal period is jurisdictional).

In No. 99-1828, we affirm the Board's decision to deny Messaoudi's motion to reopen. Our review of the Board's decision to deny a motion to reopen is "extremely deferential," and will be reviewed only for an abuse of discretion. Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). An abuse of discretion occurs when the Board's action is "arbitrary and capricious." Casalena v. INS, 984 F.2d 105, 106 (4th Cir. 1993). "Motions to reopen immigration proceedings are disfavored, particularly in deportation proceedings, where `every delay works to the advantage of the deportable alien who wishes to merely remain in the United States.'" Stewart, 181 F.3d at 595 (quoting INS v. Doherty, 502 U.S. 314, 323 (1992)).

We find that the Board did not abuse its discretion in finding that Messaoudi: (1) failed to properly support his renewed claim for asylum; (2) failed to properly support his claim of ineffective assistance of counsel; and (3) provided no meritorious reason to withhold deportation based on family hardship.

Accordingly, we dismiss No. 98-2838 for lack of jurisdiction and affirm the Board's order in No. 99-1828. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-2838 - DISMISSED
No. 99-1828 - AFFIRMED

3