[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 02-1219

PETER MUNGAI,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE;
JOHN ASHCROFT; JAMES ZIGLER,

Respondents.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Lynch and Howard,
<u>Circuit Judges</u>.

Michael D. Greenberg and Law Offices of Michael D. Greenberg on brief for petitioner.
Robert D. McCallum, Jr., Assistant Attorney General, Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, on brief for respondents.

August 19, 2002

**Per Curiam**.  Peter Mungai, a citizen and native of Kenya, petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings.  The BIA determined that the motion, which asserted a claim of ineffective assistance of counsel, was both procedurally and substantively deficient.

Leaving aside the procedural matters, we must concur with the BIA's conclusion that petitioner failed to demonstrate prejudice as is required to prevail on a claim of ineffective assistance of counsel.  Hernandez v. Reno, 238 F.3d 50, 55 (1st Cir. 2001); Bernal-Vallejo v. INS, 195 F.3d 56, 63 (1st Cir. 1999); In re Lozada, 19 I & N Dec. 637, 638 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988).  Although petitioner argued in the motion to reopen that he was prejudiced by his attorney's failure (1) to call petitioner's brother as a witness to testify in support of his asylum claim in the proceedings before the Immigration Judge, and (2) to file an appellate brief on petitioner's behalf, he offered neither an affidavit from his brother nor a description of the testimony his brother would have given.  Moreover, he has failed to articulate any issues or arguments that should have been presented in an appellate brief.  We therefore accept the BIA's conclusion that petitioner failed to show the prejudice required to demonstrate ineffective assistance of counsel and therefore failed to establish any grounds for reopening the removal proceedings.

No other substantial issue being apparent, the final order of the BIA is <u>affirmed</u>.  <u>See</u> Loc. R. 27(c).