UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MOHAMMED IBRAHIM HAMZA,
            *Petitioner,*

v.

JOHN ASHCROFT, Attorney General,
            *Respondent.*

No. 03-1104

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-117-827)

Submitted: October 3, 2003

Decided: October 22, 2003

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

## COUNSEL

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Thomas M. DiBiagio, United States Attorney, Michael Jay Singer, Michael E. Robinson, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mohammed Ibrahim Hamza, a native and citizen of Chad, petitions this court for review of an order of the Board of Immigration Appeals (Board) affirming a decision of the immigration judge (IJ) that denies his application for asylum and withholding of removal. The IJ found Hamza's testimony not credible. The Board corrected the IJ's finding of inconsistency on a few points that were either not supported by the record or explained by Hamza on appeal. The Board then affirmed the IJ's credibility finding and concluded that this lack of credibility, considered with "the lack of specific corroboration," constituted a failure to meet Hamza's burden of proof establishing past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C.A. § 1158 (West 1999 & Supp. 2003); 8 U.S.C. § 1101(a)(42)(A) (2000). We have reviewed the credibility determination at issue. As we conclude that it is supported by specific, cogent reasoning, it is entitled to substantial deference. *Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir. 1989).

Additionally, we uphold the immigration judge's denial of Hamza's application for withholding of removal. The standard for withholding of removal is more stringent than that for asylum. *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987). Because Hamza fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.*

---

*We note that, as Hamza made no claim before the IJ or the Board for withholding under the Convention Against Torture, he has not exhausted his administrative remedies as to this claim and this court lacks jurisdiction to review it. *Bernal-Vallejo v. INS*, 195 F.3d 56, 64 (1st Cir. 1999).

Hamza also complains of the retroactive application of streamlining procedures put in place after the date he conceded removability. This court has already rejected this claim as to the procedures set out in 8 C.F.R. § 1003.1(a)(7)(ii) (2003). *Khattak v. Ashcroft*, 332 F.3d 250 (4th Cir. 2003). We perceive no relevant distinction from the provision applied in Hamza's case, 8 C.F.R. § 1003.1(e)(5) (2003). Therefore, we conclude that this claim lacks merit.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*