**Trajce PIPERKOSKI, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

**No. 02–3853.**

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Papu Sandhu, Earle B. Wilson, Emily A. Radford, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondents.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Trajce Piperkoski petitions for judicial review of an order by the Board of Immigration Appeals (BIA) which dismissed his appeal of an immigration judge's (IJ) determination denying his request for the suspension of deportation. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Piperkoski is a native and citizen of Macedonia who entered the United States as a nonimmigrant visitor for pleasure with authorization to remain in the United States until June 8, 1986. He was initially placed in deportation proceedings in 1986. On July 26, 1990, an IJ ordered that Piperkoski be deported from the United States for remaining in the United States for a time longer than permitted, and denied Piperkoski's application for political asylum. Piperkoski's appeal of that decision was denied by the BIA in August 1994.

In 1997, Congress enacted the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub.L. No. 105–100, 111 Stat. 2160, 2193–201 (1997), as amended by Pub.L. No. 105–139, 111 Stat. 2644 (1997), which provided certain aliens with the opportunity to reopen their deportation proceedings and apply for suspension of deportation. Fieran v. INS, 268 F.3d 340, 346 (6th Cir.2001). On January 23, 1998, Piperkoski filed a motion to reopen his deportation proceedings. The Immigration and Naturalization Service did not oppose the motion and the request was granted.

On June 30, 1999, an IJ denied Piperkoski's application for suspension of deportation. The BIA dismissed Piperkoski's appeal on July 3, 2002.

In his petition for judicial review, Piperkoski asserts that the BIA's summary affirmance process violates his due process rights, that the IJ and BIA distorted substantial evidence as to whether he would suffer extreme hardship if he returned to Macedonia, and that the IJ and BIA abused their discretion in denying his application for suspension of deportation under NACARA.

Piperkoski challenges the constitutionality of the BIA's streamlining procedure arguing that the procedure violates his due process rights. However, this very argument was rejected in Denko v. INS, 351 F.3d 717 (6th Cir.2003). In Denko, the court found that the summary-affirmance-without-opinion rule, which renders the IJ's decision the final agency order, did not violate an individual's due process rights. Id. at 727–32. As this court has

specifically rejected the constitutionality argument presented by Piperkoski, there is no ground to review the BIA's decision on this claim.

On September 30, 1996, President Clinton signed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. 104–208, 110 Stat. 3009–546, into law. Section 309(c)(4)(E) of IIRIRA provides for special transitional rules governing changes in judicial review and states, in part, that "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244 [suspension of deportation] or 245 of the Immigration and Nationality Act...." This provision applies to all cases where the final order of exclusion or deportation is entered more than thirty days after the enactment of the Act (October 30, 1996), *See* IIRIRA § 309(c)(4). Because the BIA's order was entered on July 3, 2002, § 309(c)(4)(E) applies to Piperkoski's case. *See Mayard v. INS*, 129 F.3d 438, 439 (8th Cir.1997); *Narayan v. INS*, 105 F.3d 1335, 1335 (9th Cir.1997).

Section 309(c)(4)(E) specifically precludes review of discretionary decisions by the BIA. *See Mendes v. INS*, 197 F.3d 6, 8–9 (1st Cir.1999); *Antonio–Cruz v. INS*, 147 F.3d 1129, 1130–31 (9th Cir.1998); *Kalaw v. INS*, 133 F.3d 1147, 1151–52 (9th Cir.1997). Regarding the application for the suspension of deportation, the question of whether deportation will result in "extreme hardship" to an alien is "a discretionary decision barred from judicial review by § 309(c)(4)(E)." *Bernal–Vallejo v. INS*, 195 F.3d 56, 63 (1st Cir.1999).

In this case, the IJ denied Piperkoski's application for suspension of deportation based on his discretionary determination that Piperkoski failed to establish that deportation would result in extreme hardship to himself or to a qualifying relative. Thus, § 309(c)(4)(E) bars judicial review of the merits of the IJ's order. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1298 (11th Cir. 2001); *Escalera v. INS*, 222 F.3d 753, 755–56 (10th Cir.2000), *Bernal–Vallejo*, 195 F.3d at 63; *Moosa v. INS*, 171 F.3d 994, 1012–13 (5th Cir.1999).

Thus, the petition for judicial review is denied.