[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10587
Non-Argument Calendar

_____

Agency No. A77-318-249

EJAZ AHMED SHAH,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 15, 2006)

**ON PETITION FOR REHEARING**

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

The petition for rehearing is granted and the prior opinion filed September 14, 2005, is vacated. The following opinion is substituted.

Ejaz Ahmed Shah petitions for review of the Board of Immigration Appeals's ("BIA") denial of his motion for reconsideration of the BIA's decision affirming the Immigration Judge's ("IJ") denial of Shah's motion for a continuance. We affirm the BIA for the reasons set forth below.

I.

Shah, a native and citizen of Pakistan, arrived at Los Angeles International Airport on July 4, 2000, without valid entry documents. He applied for admission to the United States and was paroled into the country based on a credible threat of persecution. The Immigration and Naturalization Service ("INS")[1] filed a Notice to Appear on July 19, 2000, charging Shah as an arriving alien removable for failure to possess valid entry documents. INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). At a hearing before an IJ on March 29, 2001, Shah conceded removability. Initially, Shah requested relief from removal by filing an application for asylum and withholding of removal and an application for relief under the

---

[1]On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107-296, 116 Stat. 2125. The HSA created a new Department of Homeland Security ("DHS"), abolished the INS, and transferred its functions to the new department. Because this case commenced while the INS was still in existence, we refer to the INS rather than the DHS.

United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

During the course of his removal proceedings, Shah married a United States citizen, and subsequently filed an I-130 Petition for Alien Relative. At a hearing before an IJ on January 9, 2003, Shah withdrew with prejudice his request for asylum, withholding of removal, and protection under the CAT, and instead, he moved for a continuance based on the pending I-130 petition, arguing that he satisfied the criteria outlined in *Matter of Velarde*, 23 I. & N. Dec. 253 (BIA 2002).[2] The IJ denied the motion for a continuance, noting that he did not have the authority to adjudicate either the I-130 petition or the application for adjustment of status, and ordered Shah's removal.

Shah appealed the decision to the BIA. Although he conceded that the IJ lacked the authority to adjust his status, Shah maintained that the IJ abused his discretion by denying the motion for continuance without considering Shah's

---

[2]In *Velarde*, the BIA explained that a properly filed motion to reopen for adjustment of status based on a marriage entered into after the commencement of removal proceedings may be granted in the exercise of discretion notwithstanding the pendency of a visa petition filed on the alien's behalf, if: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar*, 21 I. & N. Dec. 541 (BIA 1996), or on any other procedural grounds; (4) clear and convincing evidence is presented indicating a strong likelihood that the marriage is bona fide; and (5) the INS does not oppose the motion or bases its opposition solely on *Matter of Arthur*, 20 I. & N. Dec. 475 (BIA 1992) (holding that a motion to reopen to apply for an adjustment of status based on an unadjudicated visa petition filed by a United States citizen or lawful permanent resident spouse must be denied). *Matter of Velarde*, 23 I. & N. Dec. at 256.

3

evidence that the marriage was bona fide. The BIA remanded the case to the IJ to prepare a separate oral or written order. The IJ issued a written opinion reaffirming his oral decision, distinguishing *Velarde* and explaining again that he lacked jurisdiction to adjudicate the I-130 petition or an application for adjustment of status because such authority "is vested exclusively in [the United States Citizenship and Immigration Services ("USCIS")] in the case of arriving aliens." The BIA then affirmed without opinion on August 12, 2004, making the IJ's decision the final agency determination.

Shah moved the BIA for reconsideration. In his motion, Shah asserted, inter alia, that the BIA's decision in *Matter of Velarde* should control. The BIA denied the motion. Shah then filed the instant petition for review.

II.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *Assa'ad v. U.S. Attorney Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003), *cert. denied*, 125 S. Ct. 138 (2004). Motions for reconsideration are disfavored in removal proceedings. *INS v. Doherty*, 502 U.S. 314, 323 (1992) (discussing motions to reopen and explaining that such motions are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States"). Further, it is clear that the decision

4

to grant a motion for reconsideration lies firmly within the discretion of the BIA. 8 C.F.R. § 1003.2(a).

Here, the BIA did not abuse its discretion by denying the motion for reconsideration. On appeal to this court, Shah argues for the first time that 8 C.F.R. § 245.1(c)(8) is invalid as inconsistent with 8 U.S.C. § 1255(a). The regulation, however, which rendered arriving aliens in removal proceedings ineligible to apply for adjustment of status, has since been removed from the Code of Federal Regulations.[3] *Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status*, 71 Fed. Reg. 27585 (May 12, 2006). Although Shah did not present this argument before the IJ or the BIA, this court has noted that "[s]ome circuits have indicated in dicta that constitutional challenges to the INA and INS procedures and some due process claims do not require exhaustion, because the BIA does not have the power to adjudicate those claims." *Sundar v. INS*, 328 F.3d 1320, 1325 (11th Cir. 2003) (citing *Bernal-Vallejo v. INS*, 195 F.3d 56, 64 (1st Cir. 1999); *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999); *Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998); *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.

---

[3]Prior to the removal of the regulation, this circuit held that it was invalid in *Scheerer v. U.S. Attorney General*, 445 F.3d 1311, 1320-22 (11th Cir. 2006) (invalidating 8 C.F.R § 1245.1(c)(8), which was identical to 8 C.F.R. § 245.1(c)(8)).

5

1994)).

Shah's contention that the denial of his motion for a continuance by the IJ and the denial of his motion for reconsideration by the BIA were grounded in the now-defunct regulation, however, is misplaced. The facts of this case are quite unlike those in *Scheerer v. U.S. Attorney General*, where, after holding that 8 C.F.R. § 1245.1(c)(8) was invalid, this court reversed the BIA's denial of the petitioner's motion to reopen because the BIA's decision specifically relied on the regulation. 445 F.3d 1311, 1322 (11th Cir. 2006). Nothing in the record here indicates that the IJ or the BIA based their decisions on the former 8 C.F.R. § 245.1(c)(8).

In his written decision, the IJ noted that "[t]he decision in *Matter of Velarde* was a response to the fact that the Board's decision in *Matter of Arthur* . . . coupled with the regulation limiting respondents to one motion to reopen filed within 90 days of a final administrative decision and the Immigration and Naturalization Service's inability to adjudicate many I-130 petitions within that time frame, had the effect of depriving a small class of respondents who were otherwise prima facie eligible for adjustment of the opportunity to have their adjustment applications reviewed by an Immigration Judge." Distinguishing *Velarde* from the instant action, the IJ explained that, due to Shah's status as an arriving alien, he lacked

6

jurisdiction to adjudicate both the I-130 petition and the application to adjust status because "[t]he authority to adjudicate both of these is vested exclusively in [the United States Citizenship and Immigration Services ("USCIS")] in the case of arriving aliens." The IJ reasoned that, although Shah would continue to have redress in front of the USCIS, the IJ's own lack of jurisdiction rendered the rationale of *Velarde* inapplicable under the circumstances.

Although his written decision lacks citations, the IJ's determination that he lacked jurisdiction to adjudicate Shah's imminent application for adjustment of status was based on the former 8 C.F.R. § 245.2(a)(1), which Shah acknowledged in his appellate brief before the BIA and in his motion for reconsideration. A jurisdictional regulation, 8 C.F.R. § 245.2(a)(1) formerly stated:

> An alien who believes he or she meets the eligibility requirements of section 245 of the Act or section 1 of the Act of November 2, 1966, and § 245.1 shall apply to the director having jurisdiction over his or her place of residence unless otherwise instructed in 8 CFR part 245, or by the instruction on the application form. After an alien, other than an arriving alien, is in deportation or removal proceedings, his or her application for adjustment of status under section 245 of the Act or section 1 of the Act of November 2, 1966 shall be made and considered only in those proceedings. An arriving alien, other than an alien in removal proceedings, who believes he or she meets the eligibility requirements of section 245 of the Act or section 1 of the Act of November 2, 1966, and § 245.1 shall apply to the director having jurisdiction over his or her place of arrival. . . .

8 C.F.R. § 245.2(a)(1) (2005), *amended by* 71 Fed. Reg. 27585 (May 12, 2006).

7

Although the IJ stated incorrectly that the USCIS retained jurisdiction over Shah, an arriving alien in removal proceedings, the IJ properly determined that the above regulation divested him of jurisdiction.[4] The rescission of the former 8 C.F.R. § 245.1(c)(8) (and the concurrent amendments to 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1)) in no way affects the IJ's determination that he lacked jurisdiction.[5] Ultimately, it was the IJ's correct conclusion that he lacked jurisdiction under the former 8 C.F.R. § 245.2(a)(1) that formed the foundation for the IJ's decision denying Shah's motion for a continuance. Unlike in *Scheerer*, 8 C.F.R. § 245.1(c)(8), which did not garner a single mention in these proceedings until Shah's opening brief in this court, played no role in the IJ's decision. *Compare Scheerer*, 445 F.3d at 1315 ("The BIA denied his motion [to reopen] . . . finding Scheerer, an arriving alien in removal proceedings, was subject to a regulatory bar, 8 C.F.R. § 1245.1(c)(8), which rendered him ineligible to apply for adjustment of

---

[4]The DHS regulation at 8 C.F.R. § 245.2(a)(1) (2005) and the identically worded Executive Office of Immigration Review regulation at 8 C.F.R. § 1245(a)(1) (2005) paralleled the former 8 C.F.R. § 245.1(c)(8) and did not provide either the IJ or the USCIS with jurisdiction to adjudicate an application for adjustment of status for an arriving alien in removal proceedings.

[5]In addition to removing the former 8 C.F.R. § 245.1(c)(8), the Secretary of DHS and the Attorney General also amended the regulations to clarify which departmental component has jurisdiction to adjudicate adjustment applications of arriving aliens in removal proceedings. 71 Fed. Reg. 27585 (May 12, 2006). Under the current versions of 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1), the USCIS has exclusive jurisdiction to adjudicate any application for adjustment of status filed by an arriving alien in removal proceedings with one exception that is inapplicable here. The IJ's determination that he lacked jurisdiction to adjust Shah's status is therefore correct under the amended regulations as well.

8

status."). Therefore, because Shah has failed to demonstrate that the IJ erred in regard to his own jurisdiction or that the IJ or BIA grounded their decisions in the former 8 C.F.R. § 245.1(c)(8), we hold that the BIA did not abuse its discretion in denying the motion for reconsideration.

Accordingly, we DENY the petition.

PETITION DENIED.