Oleg PODOPRIGORA, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. Civ.A. 99–12485–RWS.

United States District Court,
D. Massachusetts.

March 31, 2000.

Oleg Podoprigord, Rockingham County Jail, Brentwood, NH, petitioner pro se.

Frank Crowley, Immigration & Naturalization, Special Assistant U.S. Attorney, Boston, MA, for Immigration & Naturalization Service, U.S., respondent.

## ORDER

ZOBEL, District Judge.

### I. INTRODUCTION

Petitioner Oleg Podoprigora, a citizen of Ukraine and a permanent resident of the United States, has filed a petition for a writ of habeas corpus and a motion to stay deportation to Ukraine. Respondent United States Immigration and Naturalization Service ("INS") has moved to dismiss the petition, and it opposes petitioner's motion to stay deportation.

### II. FACTS

Petitioner was admitted to the United States as a refugee on April 6, 1993. On May 17, 1995, his status was adjusted to that of a lawful permanent resident, as of the date of his initial admission on April 6, 1993. On November 8, 1993, petitioner was convicted in Brookline District Court, Brookline, Massachusetts, for the offense of assault and battery, and he was sentenced to one year in prison. Respondent commenced removal proceedings against petitioner by an administrative notice to appear on August 18, 1997 which alleged that petitioner was removable under the Immigration and Nationality Act ("INA") section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an "aggravated felony." See 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" as crime of violence for which term of imprisonment is at least one year). On May 27, 1999, petitioner appeared at a hearing before an immigration judge and was ordered to be removed from the United States.

According to petitioner, on June 24, 1999 (respondent says June 29) petitioner filed a motion "to revise and revoke the order of removal." This motion was denied by the immigration judge on September 2 both because of untimeliness and on the merits. No appeal was taken. Petitioner asserts that he filed a second motion to revise and revoke the order of removal on July 28. Respondent alleges, rather, that petitioner filed a notice to appeal on August 2. In any event, this appeal (or motion) was rejected as untimely by the Board of Immigration Appeals ("BIA") on October 28. This petition for a writ of habeas corpus followed on November 23.

### III. DISCUSSION

Respondent argues that this Court lacks subject matter jurisdiction to entertain the petition. The argument is twofold: (1) the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (enacted September 30, 1996) (codified as amended in scattered sections of 5, 7, 8, 18, 20, 22, 28, 32, 42, 50 U.S.C.) ("IIRIRA") divests the district court of habeas corpus jurisdiction; and (2) petitioner has failed to exhaust his administrative remedies, thereby

preventing judicial review of the removal order.

### A. Jurisdiction

■ Respondent asserts that, under the IIRIRA, judicial review of a final order of removal can occur only in the circuit court of appeals. *See* 8 U.S.C. § 1252(a)(1) (placing review in court of appeals). However, as respondent also points out, aliens like petitioner are barred from seeking review in the courts of appeal because of the nature of their convictions. *See* 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii) [aggravated felony] ... of this title...."). Moreover, the First Circuit has acknowledged that it does not have jurisdiction to review a final order of removal of an alien convicted of certain unreviewable crimes listed in the statutes. *See Santos v. INS*, 124 F.3d 64 (1st Cir. 1997) (holding that, after passage of IIRIRA, petition for habeas corpus, rather than review in court of appeals, was proper procedure to challenge order of deportation), *Kolster v. INS*, 101 F.3d 785, 786 (1st Cir.1996) (holding that Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") eliminated judicial review in circuit court of removal of alien convicted of aggravated felony but that habeas corpus review remained). Therefore, petitioner's only recourse, if he is to have one, is in the district court.

The First Circuit initially addressed the question of whether habeas jurisdiction survived the enactment of the IIRIRA in *Goncalves v. Reno*, 144 F.3d 110, 113 (1st Cir.1998) and decided that the district courts did retain jurisdiction of petitions for habeas corpus. *See id.* It held that because the IIRIRA failed to make explicit reference to habeas jurisdiction under 28 U.S.C. § 2241, such jurisdiction survived the IIRIRA's enactment. *See id.* at 122 (determining that court should "apply the long standing rule disfavoring repeal of

jurisdictional provisions by implication ..." and preserve habeas jurisdiction where section 2241 is not mentioned in any of statutory provisions).

In *Wallace v. Reno*, 194 F.3d 279 (1st Cir.1999), the First Circuit affirmed the validity of *Goncalves* following the Supreme Court's intervening decision in *Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 943, 142 L.Ed.2d 940 (1999) (interpreting 8 U.S.C. § 1252(g) to preclude judicial review of only three distinct discretionary acts of Attorney General specifically delineated in statute). *See Wallace*, 194 F.3d at 285 ("We ... conclude that nothing in *American–Arab* directly precludes deportees governed by the IIRIRA transitional rules from challenging their final deportation orders through habeas where they have no other way to assert in court that their deportation is contrary to the Constitution or laws of the United States.").

Respondent argues, however, that *Goncalves* and *Wallace* do not govern petitioner's case because those cases concerned petitions that were brought under the transitional rules of the IIRIRA. Judicial review of deportation proceedings brought by the INS prior to April 1, 1997 is governed by the transitional rules of the IIRIRA (set forth in section 309(c) and not codified in the United States Code but set out at 8 U.S.C. § 1101, Historical and Statutory Notes), while review of cases brought after that date is governed by the IIRIRA's permanent rules. *See* new INA § 242, codified at 8 U.S.C. § 1252. Respondent points out, correctly, that because petitioner was placed in removal proceedings after April 1, 1997, his case is governed by the permanent rules.

The First Circuit has not yet specifically addressed the particular question implicated in this case: whether the IIRIRA's permanent rules eliminate habeas jurisdiction in the district court for someone in petitioner's position. The permanent rules provide:

.

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9).

Respondent argues that section 1252(b)(9) combined with section 1252(a)(1) (which places judicial review of final order of removal only in the court of appeals) divest the district court of habeas jurisdiction. It states that because the Supreme Court characterized section 1252(b)(9) as an "unmistakable zipper clause," *American–Arab*, 119 S.Ct. at 943, which channels judicial review of the Attorney General's removal decisions through the IIRIRA's own provisions, the IIRIRA operates to eliminate district court jurisdiction over petitions for habeas corpus like the current one.

But there is no reason why habeas jurisdiction should not survive under the IIRIRA's permanent rules just as it survived under the transitional rules. Nothing in the permanent rules addresses the problem identified in *Goncalves* of implicit revocation of habeas jurisdiction. Like the transitional rules, the permanent rules nowhere mention 28 U.S.C. § 2241, let alone explicitly state any congressional desire to repeal the habeas statute in this context. As the First Circuit explained in both *Goncalves* and *Wallace*, a repeal of habeas jurisdiction will not be found by implication. *See Wallace*, 194 F.3d at 283, *Goncalves*, 144 F.3d at 122. Repeal of habeas jurisdiction can be effected only by express statutory command. *See Felker v. Turpin*, 518 U.S. 651, 660–61, 116 S.Ct. 2333, 2338–39, 135 L.Ed.2d 827 (1996) ("[W]e decline to find a ... repeal of § 2241 of Title 28 ... by implication...."). This principle holds for the permanent rules just as it did for the transitional ones. *See also Liang v. INS*, Nos. 99–5053, 99–5327, 99–6039, 2000 WL 264216, at *11 (3d Cir. Mar.9, 2000) (holding habeas jurisdiction to survive under IIRIRA's permanent rules); *Ho v. Greene*, 204 F.3d 1045, 1052 (10th Cir.2000) (holding IIRIRA's permanent rules not to preclude judicial review of habeas petitions). *But see Max–George v. Reno*, 205 F.3d 194, 197 (5thCir.2000) (holding that, under IIRIRA's permanent rules, district courts are divested of habeas jurisdiction); *LaGuerre v. Reno*, 164 F.3d 1035, 1039–40 (7th Cir.1998) (holding AEDPA to preclude habeas review of final order of deportation but allowing direct review in court of appeals on constitutional grounds), *cert. denied*, —— U.S. ——, 120 S.Ct. 1157, 145 L.Ed.2d 1069 (2000).

Moreover, as the *Goncalves* court noted, refusing to find express repeal of habeas jurisdiction by the IIRIRA eliminates the need to address serious, novel, and complex constitutional issues dealing with the Congress's power under Article III to control the jurisdiction of the federal courts and, in light of the Suspension Clause of the Constitution, to enact legislation that would preclude habeas review. *See Goncalves*, 144 F.3d at 123 ("[T]he historical core of the Suspension Clause [is] jurisdiction to review the legality of detention by executive branch officers."). Consequently, although the IIRIRA specifies that direct review over final orders of deportation are to occur in the courts of appeal, habeas review remains in the district court, and jurisdiction over the current petition is proper.

### B. Exhaustion

Respondent's second argument is that this Court can not review the petition because petitioner has failed to exhaust his administrative remedies. Under the IIRIRA, a court may review a final order of removal only if the alien has exhausted all administrative remedies available as of right. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of

right....."). And an immigration judge's order of removal is appealable as of right to the BIA. *See* 8 C.F.R. § 3.1(b)(3). Although, as respondent admits, certain claims of due process are exempt from the requirement of exhaustion, "a petitioner cannot [necessarily] obtain review of procedural errors in the administrative process that were not raised before the agency...." *Mendes v. INS,* 197 F.3d 6, 12 (1st Cir.1999) (quoting *Ravindran v. INS,* 976 F.2d 754, 762 (1st Cir.1992)).

Petitioner raises two claims of procedural error by the immigration judge: (1) that the immigration judge improperly considered petitioner's conviction for violation of a restraining order; and (2) that the immigration judge improperly failed to sequester witnesses during the removal hearing. Both of these claims are "the type of procedural error that the BIA could have addressed." *See Mendes,* 197 F.3d at 12 (referring to petitioner's claim that immigration judge improperly shifted to him burden of establishing bona fide marriage). *See also Ravindran,* 976 F.2d at 762 (distinguishing between substantive constitutional challenges to statutes and defects in evidentiary rulings in individual hearing); *But see Cortorreal–Castellanos v. Reno,* 81 F.Supp.2d 199 (D.Mass.2000) (allowing alien time to exhaust administrative remedies even though no appeal had been filed with BIA).

■ The immigration judge rendered his decision on May 27, 1999. Petitioner had thirty calendar days, or until June 28, 1999, to file an appeal. *See* 8 C.F.R. § 3.38 (setting thirty-day limit). Although respondent has not presented documentation of the dates on which petitioner filed his motion(s) "to revise and revoke the order of removal" or when petitioner may have filed any appeal, petitioner himself states that he never appealed the immigration judge's decision. Petitioner argues, unconvincingly, that because he received the immigration judge's decision denying his first motion "to revise and revoke the order of removal" on September 13, 1999, somehow the period during which he could appeal the immigration judge's decision was "effectively reduced by the immigration court to 11 days...." Nevertheless, petitioner does not indicate that he ever appealed the decision of the immigration judge. Thus, because petitioner failed to appeal, he failed to exhaust his administrative remedies and this Court is precluded from considering his procedural claims.

■ Even were petitioner's allegations of procedural error properly presented, they are without merit. Petitioner alleges that the immigration judge's consideration of petitioner's conviction of violation of a restraining order was contrary to the IIRIRA (although petitioner states section 325(b), he presumably means section 350) which only allows consideration of such a conviction if it occurred after the IIRIRA's "date of enactment...." *See* the IIRIRA § 350, 8 U.S.C.A. § 1251(a)(2)(E) (1996), recodified at 8 U.S.C.A. § 1227(a)(2)(E) (1999) (noting effective date is date of enactment of September 30, 1996). He contends that his conviction for violating a restraining order occurred in February 1997, so the immigration judge was not free to consider it and should only have considered petitioner's earlier conviction for assault and battery. However, the date of enactment of the IIRIRA was September 30, 1996, not April 1, 1997, as petitioner argues. Therefore, even if the immigration judge considered that conviction, doing so was not improper.

■ Finally, petitioner points to no regulation that expressly prohibits a government witness from hearing the testimony of other witnesses, but he appears to contend that the immigration judge's decision deprived him of his right to due process. Until the adoption of the Federal Rules of Evidence (specifically, Rule 615), sequestration of witnesses "was committed to the sound discretion of the trial court." *United States v. Magana,* 127 F.3d 1, 5 (1st Cir.1997). Even under the federal rules, the trial judge's decision is reviewed only

for abuse of discretion, *see id.* at 6, and there must be prejudice to the party moving for sequestration for relief to follow. *See id.; see also United States v. Jackson,* 60 F.3d 128, 136 (holding that harmless error standard applies and citing conflicting cases regarding who bears burden on issue of prejudice). Moreover, the federal rules do not apply to a removal hearing before an immigration judge. *See Henry v. INS,* 74 F.3d 1, 6 (1st Cir.1996) ("The traditional rules of evidence do not apply in immigration hearings...."); *see also INS v. Lopez–Mendoza,* 468 U.S. 1032, 1039, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984) ("[A] deportation hearing is intended to provide a streamlined determination of eligibility to remain in this country, nothing more."). Therefore, even if the federal rules might have required sequestration, the immigration judge was not required to sequester witnesses in the removal hearing, and there was neither abuse of discretion nor prejudice to the petitioner from his refusal to do so. Respondent's motion is granted as to petitioner's challenge to the process of the hearing before the immigration judge.

■ Petitioner, however, has not only challenged several procedural aspects of his hearing before the immigration judge. He also has raised a statutory challenge to the BIA's interpretation of the IIRIRA and a constitutional challenge to the statute itself as applied to him. He argues that the IIRIRA should not be applied to a person in his position so as to subject him to removal and that to do so is unconstitutionally retroactive. These claims involve statutory and constitutional interpretation and are not expected to be raised in an administrative hearing before the INS. *See Ravindran,* 976 F.2d at 762 ("[C]laims of a denial of due process may be exempt from [exhaustion] where they are of the kind the BIA could not adjudicate because of their predominantly constitutional character. The BIA is without jurisdiction to adjudicate purely constitutional issues.") *See also Vargas v. INS,* 831 F.2d 906, 908

(9th Cir.1987) ("[D]ue process claims generally are exempt from [exhaustion] rule...."). Respondent's motion to dismiss fails to address these elements of the habeas petition. Consequently, as to the remainder of claims set forth in the petition, respondent's motion to dismiss is denied.

Petitioner makes passing reference to a challenge to his original state conviction. That claim is not before this Court. Any attack on the state conviction would have to occur in the state court and then, if necessary, in a separate habeas proceeding in federal court.

## IV. CONCLUSION

In conclusion, this Court does have jurisdiction over petitioner's habeas petition. Respondent's motion to dismiss is granted as to petitioner's challenge to the process of the removal hearing but denied as to his statutory and constitutional challenges to the IIRIRA. Removal proceedings against petitioner are stayed until further order of this Court.