Agnelo MENDES, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–1226.

United States Court of Appeals,
First Circuit.

Heard Oct. 5, 1999.

Decided Nov. 24, 1999.

8

Jeremiah Friedman, with whom Maureen O'Sullivan, Harvey Kaplan, Ilana Greenstein and Kaplan, O'Sullivan & Friedman, LLP were on brief, for petitioner.

William E. Michaels, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, with whom David W. Ogden, Acting Assistant Attorney General and H. Bradford Glassman, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, were on brief, for respondent.

Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.

TORRUELLA, Chief Judge.

This case involves three marriages, four separate visa petitions, and immigration proceedings spanning more than fifteen years. Petitioner Agnelo Mendes appeals from the decision of the Board of Immigration Appeals ("BIA") (1) to deny his Motion to Remand for adjustment of status to permanent resident under the Immigration and Nationality Act, § 245 (1996) ("INA"); (2) to affirm Immigration and Naturalization Service's ("INS") denial of the joint petition to remove conditional residence under section 216 of the INA; and (3) to affirm the INS's denial of suspension of deportation under INA § 244(a), 8 U.S.C. § 1254 (repealed by IIRIRA § 308(b)(7), 110 Stat. 3009–615 (1996)).

Pursuant to our recent opinion in *Bernal–Vallejo v. INS*, 195 F.3d 56 (1st Cir. 1999), we hold that § 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, div. C, 110 Stat. 3009–546 (IIRIRA), precludes jurisdiction over Mendes's claim that the BIA erred in finding that he has not demonstrated extreme hardship under INA § 244. Although we have jurisdiction to review petitioner's due process challenge to the BIA's finding of deportability, judicial review is barred be-

cause the petitioner failed to exhaust his administrative remedies.

Subsequent to the BIA's denial of the petitioner's Motion to Remand, the INS revoked the petitioner's visa, a necessary prerequisite to adjustment of status, rendering this issue moot. We give no further consideration to the scope of our jurisdiction to review the BIA's denial of the Motion at this time.

## I.

Some background on the statutory and regulatory scheme for alien-citizen marriage is required to understand the pertinent facts of this case. Section 216 of the INA sets out the procedural requirements for acquiring lawful permanent resident status through a bona fide marriage to a United States citizen. After the citizen spouse files a visa petition and a petition for adjustment of status under INA § 245(d), the alien spouse may be granted a two-year conditional lawful permanent resident status. *See* INA § 216(a)(1). To remove the conditional status, the citizen and alien must file a joint petition[1] (Form I–751) and appear for a personal interview. *See* INA §§ 216(c)(1) & (d). Within 90 days, the INS must issue a determination as to whether the facts alleged in the petition are true with respect to the qualifying marriage. *See* INA § 216(c)(3)(A). The burden at this stage is on the petitioner. If the joint petition is denied, the alien's conditional status is terminated, § 216(c)(3)(C), and the alien is deportable under INA § 241(a)(1)(D)(i). *See Matter of Lemhammad,* 20 I. & N. Dec. 316 (1991). If the alien seeks review of the District Director's decision in the deportation proceeding, the burden of proof is placed on the INS to establish by a preponderance of the evidence that the facts in the petition are not true, in other words that the marriage was entered into for the

purpose of procuring his entry as an immigrant. *See* § 216(c)(3)(D); *Matter of Lemhammad,* 20 I. & N. Dec. at 317.

For the sake of efficiency, we summarize the facts as follows. Petitioner Agnelo Mendes, a native and citizen of Cape Verde, first entered the United States on July 16, 1982, as a nonimmigrant visitor. His first marriage to U.S. citizen Indiana Burgo took place approximately three weeks later, on August 8, 1982, and produced a son on April 30, 1983. Although a visa petition was filed immediately, Burgo withdrew it, informing the INS that she and petitioner had married for immigration purposes. The petitioner was placed into deportation proceedings and was granted voluntary departure by October 25, 1983. Burgo filed a second visa petition, but it was denied based on the petitioner's failure to prove that he had a bona fide marriage. The BIA affirmed that decision on January 31, 1986.

On December 28, 1985, the petitioner reentered the United States as a nonimmigrant visitor, with the alleged intention of resolving his marriage with Burgo, but they divorced. On November 2, 1987, the petitioner married U.S. citizen Renee Duarte, who filed a third visa petition on his behalf. On December 13, 1989, Duarte and the petitioner filed a joint petition to remove the conditional basis of his status (Form I–751), which is the subject of the *instant appeal.*

The INS subsequently terminated the joint petition based on several inconsistencies in the information provided with the joint petition and in the personal interview. For example, Duarte could not identify friends of the petitioner who submitted affidavits on behalf of the couple; she was unfamiliar with her husband's bank account; there were facts in dispute with respect to the petitioner's rent and whether Duarte and his child ever resided with

---

1. The petition must contain the following facts and information: (1) a statement that the marriage was entered into legally and has not been terminated, and was not entered into for the purpose of procuring the alien's admission; (2) proof of the actual residence of each spouse; and (3) the place of employment of each spouse. *See* INA § 216(d)(1).

him; the couple failed to provide joint tax returns and the birth certificate for their child; and the petitioner did not acquire family medical coverage until 1990, despite the fact that Duarte was expecting a child and he had claimed one of his other children as a dependent in his tax returns. On March 29, 1993, the District Director informed the couple,

> [b]ecause of the absence of any convincing evidence showing the marriage to have been entered into in good faith, it is concluded that you have failed to sustain your burden to reverse a denial of the application before us and that your marriage was entered into for the sole purpose of securing an immigration benefit.

As a result, INS terminated the petitioner's conditional resident status pursuant to § 216(c)(3) and placed him in deportation proceedings for the second time. During the proceedings, the petitioner, who had separated from Duarte in 1990, became romantically involved with U.S. citizen María Fortes, who gave birth to his child in February 1994.

At the conclusion of the deportation hearing on December 28, 1993, the Immigration Judge ("IJ") affirmed the denial of the joint petition and denied the petitioner's application for suspension of deportation. The IJ found that the petitioner's testimony was not credible, and that he entered his marriage with Duarte for immigration purposes. In reaching this conclusion, the IJ relied on the inconsistencies in the petitioner's testimony regarding his prior addresses and his children and the fact that the petitioner and his spouse did not "have a lot of information concerning each other." The IJ ultimately found that the marriage was apparently "entered into

for the purpose of obtaining Immigration benefit[s]," and that the petitioner "did not meet his burden of showing that it was a bona fide marriage."

The IJ denied the petitioner's application for suspension of deportation but granted his request for voluntary departure. It is evident from the IJ's opinion that she equivocated over the statutory requirement of good moral character, and despite her earlier finding that the petitioner's testimony was not credible, she reluctantly concluded that he "just barely" satisfied the good moral character requirement.[2] However, he failed to demonstrate that he or his family would suffer extreme hardship if he were deported. The IJ noted that he and his wife were separated and were filing for divorce, that he had provided little if any child support, and that he had frequently been absent from his children. His claims of economic distress were not extreme, and the IJ further commented that it was "somewhat disingenuous for [the petitioner] to claim that he would experience extreme hardship to be separated from his United States citizen child when he has voluntarily abandoned just about every child he has ever fathered at one point or another." In her final analysis, the IJ weighed his request for relief against his "consistent violation of this country's immigration laws," including overstaying visas, working illegally, obtaining visitor visas with intention to remain, and finally his marriage to Duarte to procure immigration benefits. Despite these findings, she granted voluntary departure, because "he just misses falling under the definition of giving false testimony in order to obtain a benefit under the Act."[3]

2. We disagree with the petitioner that this inconsistency calls into question the IJ's first finding that the petitioner's marriage was a sham. As we read the IJ's opinion, if she erred, she did so in the petitioner's favor by finding good moral character. However, we do not need to reach this issue as her decision to deny suspension of deportation relied upon

the third criteria for eligibility—extreme hardship.

3. As discussed above, the IJ's questionable finding of good moral character, a prerequisite to voluntary departure, is beyond the scope of this appeal.

The petitioner filed a timely appeal of the IJ's decision. While it was pending, the petitioner remarried Indiana Burgo on May 13, 1995, and a fourth visa petition was filed and approved. The BIA denied the petitioner's Motion to Remand for adjustment of status and affirmed the IJ's decision. In denying the Motion to Remand, the BIA considered the merits of his request for adjustment of status, and concluded that the positive factors of the granted visa, the relationship with his new wife and children, and strong work history, were outweighed by the adverse factors: "a host of evidence which indicates that the respondent has engaged in marriage fraud on two prior occasions and has attempted to derive immigration benefits from his prior marriages." Likewise, in its affirmance of deportability, the BIA relied on the IJ's findings that the petitioner was not a credible witness and on the evidence of marriage fraud. Finally, the BIA concurred that the petitioner was undeserving of relief in the form of suspension of deportation.

On July 19, 1999, the INS terminated the petitioner's fourth visa petition. An appeal of that decision is currently pending before the BIA.

## II.

The parties agree that his case is governed by the IIRIRA transitional rules because Mendes was placed in deportation proceedings on March 29, 1993, and the BIA's final order of deportation was issued on February 9, 1999. Therefore, this Court has jurisdiction under INA § 106(a), 8 U.S.C. § 1105a, as amended by IIRIRA, unless § 309(c)(4)(E) precludes review.

 In *Bernal–Vallejo*, we resolved the nature of our jurisdiction under the transitional provisions of IIRIRA. We held that

> § 309(c)(4)(E) precludes the exercise of jurisdiction only where: (1) the agency decision as to which review is sought is a "decision under" one of the enumerated

sections, and (2) the agency decision rests on a ground that is committed to agency discretion. Conversely, § 309(c)(4)(E) does not preclude the exercise of jurisdiction where the decision is not a "decision under" an enumerated section or where the ground on which the decision rests is not one committed to agency discretion.

*Bernal–Vallejo*, 195 F.3d at 59–60. Consequently, we retain jurisdiction over constitutional challenges to the process, BIA determinations that do not come under enumerated sections, and BIA determinations to deny relief that rest on objective factual criteria. *See id.* at 59, 64.

### A. Challenge to Extreme Hardship Determination

 Our opinion in *Bernal–Vallejo* controls. In Mendes's case, as in Bernal–Vallejo's, the BIA's denial of suspension of deportation was based on a determination that he could not meet the third eligibility requirement for relief from deportation. The BIA affirmed the IJ's finding that neither Mendes, nor his family, would suffer extreme hardship if he were deported. In *Bernal–Vallejo* we concluded that we lacked jurisdiction to review the BIA's decision, based on a failure to show extreme hardship, not to suspend deportation. *See id.* at 63. Under the two-pronged analysis we established therein, § 309(c)(4)(E) bars judicial review because (1) § 244, suspension of deportation, is an enumerated section within § 309(c)(4)(E), and (2) the extreme hardship determination has been committed to agency discretion. *See id.*

### B. Constitutional Claim

The petitioner asserts that the IJ improperly shifted the burden of proof in the deportation proceeding from the INS to the petitioner in violation of his due process rights. He points to three alleged errors on the part of the IJ: (1) giving probative value to the District Director's finding that the petitioner did not meet his burden of proving he had a bona fide

marriage and misinterpreting that finding to be an affirmative finding of fraud; (2) upholding the INS's finding of fraud, despite the fact that the INS called no witnesses and offered no documentation, relying instead on the petitioner's Form I–751 (joint petition), its supporting documents, and the Notice of Intent to Terminate Conditional Resident Status; and (3) determining that "the respondent did not meet his burden of showing that it was a bona fide marriage," when in fact the burden was on the INS to prove by a preponderance of the evidence that his marriage was entered into to procure immigration benefits.

Section 309(c)(4)(E) does not affect our jurisdiction to review Mendes's constitutional claim, assuming arguendo that these facts state a colorable claim. See id. at 64. Nevertheless, judicial review is unavailable on other grounds. We concur with the government that the petitioner has waived his due process claim by failing to raise it at his deportation hearing, at his hearing for suspension of deportation, or before the BIA. See Thomas v. INS, 976 F.2d 786, 789 (1st Cir.1992).

This Court has long acknowledged that the doctrine of administrative exhaustion bars issues "raised for the first time in a petition for review." Bernal–Vallejo, 195 F.3d at 64 (citing Ravindran v. INS, 976 F.2d 754, 761 (1st Cir.1992)). We do not agree with the petitioner that he sufficiently raised his due process claim before the BIA. Petitioner's argument that the "Immigration Judge erred in finding that the Respondent was not entitled to the approval of his Joint Petition ... since the burden of proof in this proceeding is on the government to establish by a preponderance of the evidence ... and the government failed to meet its burden," is clearly not in the context of a due process challenge.

Alternatively, the petitioner requests that we exercise our discretion to apply the doctrine of administrative ex-

haustion flexibly. Though claims of due process may be exempt from the requirement of exhaustion, "a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process." Ravindran, 976 F.2d at 762. In this case, the alleged burden shifting was the type of procedural error that the BIA could have addressed, see id. (distinguishing between substantive constitutional challenges to the statutes or formal procedural rules and defects in the evidentiary ruling in his individual hearing), and therefore we decline to rule on the petitioner's claim.

### C. Challenge to Finding of Deportability

Other than his due process claim, the petitioner has come forward with no other challenge to the BIA's finding that his marriage was entered into to procure immigration benefits. He has not presented evidence that would compel a finding that the petitioner had a bona fide marriage, or would even suggest that the BIA's finding that the marriage was entered into for the purpose of obtaining immigration benefits is unreasonable. Instead, the petitioner relies heavily on his contention that the District Director and the IJ never made affirmative findings of marriage fraud, and therefore the BIA, in its failure to independently review the record, mistakenly concluded that there was a host of evidence showing that the petitioner had violated immigration laws. Although deference is due to the BIA, see Meguenine v. INS, 139 F.3d 25, 27–28 (1st Cir.1998), the petitioner claims that this is a case where the BIA's inferences and presumptions are not reasonably grounded in the record viewed as a whole. See Gailius v. INS, 147 F.3d 34, 43–44 (1st Cir.1998).

There is no dispute that we have jurisdiction to review the BIA's affirmance of the IJ's decision to deny

Mendes's petition to remove conditional status. It is not within the purview of § 309(c)(4)(E). We review findings of fact and credibility by the BIA under a "deferential 'substantial evidence'" standard. *Alvarez–Flores v. INS*, 909 F.2d 1, 3 (1st Cir.1990); *see also INS v. Elías–Zacarías*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Meguenine*, 139 F.3d at 27–28; *Khalaf v. INS*, 909 F.2d 589, 591 (1st Cir.1990); *Novoa–Umania v. INS*, 896 F.2d 1, 2 (1st Cir.1990). The BIA's affirmance of the IJ's findings must be "upheld if 'supported by reasonable, substantial and probative evidence on the record considered as a whole.'" *Elías–Zacarías*, 502 U.S. at 481, 112 S.Ct. 812 (citing 8 U.S.C. § 1105(a)(4)).

We find ample evidence to support the BIA's finding of marriage fraud, including but not limited to the inconsistencies between Mendes's testimony and the documents that he submitted in support of his joint petition, as well as the adverse credibility finding of the IJ. Mendes is unable to sustain his high burden under *Elías–Zacarías* of presenting evidence that is "so compelling that no reasonable fact finder could fail" to find that he had a bona fide marriage. *Id.* at 483–84, 112 S.Ct. 812. To the contrary, based on the petitioner's record of lying before the IJ, filing false documents before the INS, filing tax returns listing his child as a dependent when all the evidence suggests otherwise, and entering into a previous questionable marriage, we conclude that any reasonable fact finder would determine on this record that the petitioner had married Duarte for the purpose of procuring immigration benefits. *See Meguenine*, 139 F.3d at 28.

If there is any error in this record, it lies in the immigration authority's laxity in repeatedly admitting Mendes into this country without appropriate investigation. This lapse enabled this Lothario to father three U.S. citizen children, all of whom will be deprived of his support, both financial and moral, in years to come.

We affirm the decision of the BIA that the petitioner is deportable. The Petition for Review is **dismissed**.