Angel Danilo CORTORREAL–
CASTELLANOS,
Petitioner,

v.

Janet RENO, Attorney General, Dorris Meissner, Commissioner of the Immigration and Naturalization Service, Immigration & Naturalization Service, Department of Justice, and Steven Farquharson, District Director, Respondents.

No. Civ. 99–10485–REK.

United States District Court,
D. Massachusetts.

Jan. 6, 2000.

Randy Olen, Providence, RI, George Pliakas, Providence, RI, for Angel Danilo Cortorreal–Castellanos, petitioner.

Brenda M. O'Malley, Dept. of Justice, Civil Division, Washington, DC, for Janet Reno, Attorney General, respondents.

## Opinion

KEETON, District Judge.

### I. Procedural Background and Nature of This Case

By Memorandum and Order (Docket No. 8, August 4), this court dismissed the only pending motion in this case, which was Respondent's Motion to Dismiss (Docket No. 4, filed May 4, 1999), asserting lack of jurisdiction to consider petitioner's due process challenge to an order finding

him deportable because he failed to exhaust administrative remedies with respect to his claim.

At the status conference of January 6, 2000, the court noted the following elements of the procedural background of this case.

Petitioner Cortorreal–Castellanos is a native and citizen of the Dominican Republic.

Cortorreal–Castellanos entered the United States as an immigrant on January 4, 1983.

On November 23, 1993, he was convicted in Providence Superior Court, Providence, Rhode Island, of the manufacture and delivery of cocaine.

On March 14, 1995, the INS issued an Order to Show Cause, charging Cortorreal–Castellanos with deportability under section 241(a)(2)(B)(i) for having been convicted of an aggravated felony.

On April 1, 1996, Cortorreal–Castellanos applied for a waiver of deportation under section 212(c) of the INA, 8 U.S.C. § 1182(c).

On April 14, 1997, an immigration judge found Cortorreal–Castellanos portable as charged and pretermitted his application for relief under 212(c). *See* INS No. A37–915–251.

Cortorreal–Castellanos did not appeal that decision to the Board of Immigration Appeals (BIA).

Almost two years later, in March of 1999, Cortorreal–Castellanos filed this petition for writ of habeas corpus, which in accordance with usual practice the Clerk of this court treated as a civil action, designated as No. 99–10485–REK (Docket No. 1, filed March 4, 1999).

Respondent, in its Supplemental Return in Opposition to Petition for Writ of Habeas Corpus (Docket No. 12, filed December 27, 1999), contends that petitioner, having been convicted of an aggravated felony is deportable under section 241(a)(2)(B)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1251(a)(2)(B)(i) (1994) and section (a)(2)(A)(iii) of the INA, 8 U.S.C. § 1251(a)(2)(A)(iii).

## II. Legal Background of Statutes and Precedents

The core issue in this case derives from the INS contention that, in the circumstances of this case, exhaustion of administrative remedies is a prerequisite to a due process challenge in this court to an order finding Cortorreal–Castellanos deportable. This issue is materially different from that presented to this court in *Ramos–Flores v. INS,* No. 99–12246–REK (D.Mass. Dec. 28, 1999), in which Ramos–Flores had appealed to the BIA and was asking this court to review a final removal order the basis of which was the BIA's determination of inapplicability of discretionary relief under INA § 212(c), 8 U.S.C. § 1182(c), or the BIA's determination of petitioner's eligibility for deportation in the first instance, as of 1996. The perspective of a 1996 view of the matter was incident to the fact that in 1996 both the Anti–Terrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) amended the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.,* and, the INS contended, thereby divested this court of jurisdiction over Ramos–Flores' claims.

Here, Cortorreal–Castellanos took no appeal to the BIA, and INS contends that this failure to appeal constitutes a bar to jurisdiction in this court for at least any period of time during which petitioner fails to show that he has exhausted his administrative remedies, including an attempt to appeal to the BIA. One way of phrasing this contention is that Cortorreal–Castellanos's failure to appeal to the BIA was a "waiver" of the available administrative remedy of appeal to the BIA.

In evaluating this INS contention, I must take into account the recent decisions of the Court of Appeals for the First Circuit that apply the doctrine of exhaustion

to INS detainees who appeal to federal courts from the INS. *See, e.g., Mendes v. INS,* 197 F.3d 6 (1st Cir.1999); *Bernal–Vallejo v. INS,* 195 F.3d 56 (1st Cir.1999).

Respondent contends that the present case is controlled by the ruling in *Mendes,* dismissing for lack of jurisdiction Mendes' due process challenge to an order finding him deportable because he failed to exhaust administrative remedies with respect to his claim. In *Mendes,* the Court of Appeals for the First Circuit stated that it "has long acknowledged that the doctrine of administrative exhaustion bars issues raised for the first time in a petition for review." *Id.* at 12 (citations and quotation marks omitted). The Court of Appeals dismissed Mendes' due process claims because he did not "sufficiently raise [them] before the BIA." *Id.*

Although both the present appeal and *Mendes* concern the doctrine of exhaustion of administrative remedies, *Mendes* differs substantially from the present case on at least three grounds. *First.* The issue in *Mendes* concerned availability of a due process challenge on direct appeal to the Court of Appeals. *Second.* The issue in *Mendes* concerned failure to assert earlier the particular ground of challenge alleged before the reviewing court, even though an appeal from the Immigration Judge to the BIA had been filed. Here, the petitioner filed no appeal from the Immigration Judge to the BIA. *Third.* The petitioner in *Mendes* labeled the alleged error as a "violat[ion of] due process," *id.,* but did not proffer articulated grounds for determining that the "procedural errors in the administrative process" were serious enough to constitute violations of due process. *Id.* Here, petitioners' articulation of grounds reasonably can be characterized as somewhat stronger than were Mendes' grounds.

Thus, *Mendes* is not squarely on point for the present case. Nevertheless, the analogy is close enough to warrant further probing. *Mendes* establishes that attaching the label of violations of due process is not enough to support a claim. Should this rule for cases in which an appeal to the BIA is filed but is defective apply also, perhaps for stronger reasons, to a case in which the petitioner has failed even to file an appeal? Or should this court, instead, at least allow the petitioner a reasonable period of time to appeal to the BIA or show that he has made reasonable efforts to exhaust administrative remedies in some other way?

■ Given the recent case of *Wallace v. Reno,* 194 F.3d 279 (1st Cir.1999), I will not dismiss this civil action. Instead, in view of the uncertainties about the state of the outcome of an application to the BIA by C ortorreal–Castellanos at this time, I will refrain from making a decision on the merits of Cortorreal–Castellanos's petition and allow Cortorreal–Castellanos time to exhaust his administrative remedies before the BIA.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) This court is without authority to consider on the merits petitioner's due process challenge to the immigration judge's decision (determining that Cortorreal–Castellanos is deportable and that he is ineligible for a discretionary waiver under § 212(c)).

(2) Rather than dismiss this civil action, however, this court will retain it on the docket in inactive status for a reasonable period of time to allow petitioner to exhaust his administrative remedies. This court's stay against deportation will remain in effect until modified by an order of this or a higher court.

(3) A Case Management Conference for receiving a report on status and hearing any motion for further order in this case is set for July 20, 2000, at 2:00 p.m.