**[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

No. 01-1766

ANGEL PENA,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATIONS APPEALS

Before

Boudin, Chief Judge,

Torruella and Selya, Circuit Judges.

Jorge Guttlein and Aranda & Guttlein on brief for petitioner.
Robert D. McCallum, Jr., Assistant Attorney General, Mark C. Walters, Assistant Director, Office of Immigration Litigation, U.S. Dep't of Justice, and Arthur L. Rabin, Trial Attorney, on brief for respondent.

JANUARY 8, 2002

**SELYA, Circuit Judge.** This is a petition for review filed by Angel Pena, a native and citizen of the Dominican Republic. In it, the petitioner challenges the decision of the Board of Immigration Appeals (BIA) upholding an immigration judge's denial of his motion to reopen. The motion to reopen followed several years after the immigration judge's in absentia order deporting the petitioner under former section 242B(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252b(c) (1994 & Supp. I 1995), repealed by Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), tit. III, §306, Pub. L. 104-208, 110 Stat. 3009 (1996).

The facts are straightforward. On May 30, 1990, the petitioner entered the United States without inspection and was apprehended. He admitted his illegal entry and the Immigration and Naturalization Service (INS) instituted deportation proceedings by serving him with an order to show cause (OSC). The OSC specifically notified the petitioner that he was to appear for a hearing before an immigration judge at a "date, time and place to be set by the Immigration Court." The OSC also advised him that if he failed to appear, he could be ordered deported in absentia.

The INS released the petitioner on bond and, on June 28, 1990, sent written notice of the time, date, and place of

-3-

the petitioner's hearing to him at the address he had furnished. The notice was returned by the United States Postal Service with a notation that delivery had been attempted but that the addressee (the petitioner) was not known at the address specified. The INS did not make any further attempt to notify the petitioner, and he failed to attend the hearing. In his absence, the immigration judge found by clear, convincing, and unequivocal evidence that he was deportable on the charges limned in the OSC and ordered him deported to the Dominican Republic. Notice of the immigration judge's decision was sent to the petitioner at the same address. This notification, too, was returned to the sender.

Several years passed. The petitioner left the United States for a month and was apprehended while attempting to reenter. He then tried to reopen his deportation proceedings. On June 21, 1999, the immigration judge denied his motion on the ground that, in the original proceeding, "service was sufficient and notice was proper." As an alternate ground, the immigration judge found that the petitioner's departure from the United States after the issuance of the deportation order rendered any attempt to reopen the proceedings susceptible to the bar of 8 C.F.R. § 3.23(b)(1). On February 28, 2001, the BIA summarily

affirmed the immigration judge's decision.  This petition for review followed.

We need not tarry.  Notice of the date, time, and place of the deportation hearing was sent to the petitioner at the address he had furnished.  That notice was given in accordance with the statute then in effect, INA § 242B(a)(2) (now repealed), and with the applicable regulations, 8 C.F.R. § 3.15(d)(2) (1996).  As a procedural matter, then, the petitioner — who never filed a change of address with the INS — has scant basis to complain.

The petitioner attempts to blunt the force of this conclusion by alleging that the INS's former system for notifying aliens of deportation hearings (now substantially revised) violated his due process rights.  This argument, however, comes too late:  because the petitioner failed to raise his due process claim before the immigration judge or the BIA, he is precluded from raising it here.  See Mendes v. INS, 197 F.3d 6, 12 (1st Cir. 1999); Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999); Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir. 1988); cf. Athehortua-Vanegas v. INS, 876 F.2d 238, 240 (1st Cir. 1989) (explaining that, as a predicate to judicial

-5-

review, a petitioner must have told the BIA why he contends that the immigration judge's decision was wrong).

We need go no further.[1]  The petitioner's due process claim has not been preserved and the INS appears to have turned square corners by complying literally with the notification requirement in effect at the relevant time.  Accordingly, the petition for review is denied and dismissed.

**It is so ordered**.

---

[1]In particular, we need not reach — and take no view of — the INS's argument that the petitioner, by departing from the United States and returning to the Dominican Republic after he was ordered deported by the immigration judge, divested both the BIA and this court of jurisdiction.