**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 03-2593

MARIA BRITO DE FIGUEROA ET AL.,

Petitioners,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Torruella, Circuit Judge,
Campbell, Circuit Judge,
Selya, Circuit Judge.

---

Raymond Sanchez Maceira on brief for petitioners.
Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, Office of Immigration Litigation, and Thomas K. Ragland, Attorney, U.S. Department of Justice, Civil Division, on motion for summary affirmance, for respondent.

---

October 28, 2004

---

**Per Curiam**. The government has moved for summary affirmance of the Board of Immigration Appeals ("BIA") decision affirming without opinion the decision of the immigration judge ("IJ") finding appellant Maria Brito de Figueroa ("Brito") and her four children deportable. Appellants challenge the IJ's determination that Brito was deportable pursuant to Section 241(a)(1)(A) of the Immigration and Nationality Act ("INA") for having obtained her resident status through a fraudulent marriage to Miguel Angel Figueroa-Burgos ("Figueroa").

Rather than attacking the IJ's decision directly, appellants argue that the BIA "failed to follow its own regulatory procedure when it issued the affirmance without opinion (AWO) in this case." Appellants' Brief at 2. Appellants appear to argue that the AWO procedure was inappropriate here because this case does not satisfy the following criteria: "that the result reached by the IJ was correct [and] that any errors in the decision were harmless or non-material." 8 C.F.R. § 1003.1(e)(4). Specifically, they claim the following errors by the IJ: consideration of hearsay and other unreliable evidence, failure to consider certain evidence submitted by appellants, and failure to make findings supporting his conclusion that the marriage was fraudulent. Appellants argue that by affirming without opinion an erroneous decision, the BIA violated appellants' constitutional right to due process of law.

We review appellants' due process claims de novo. See Yongo v. INS, 355 F.3d 27, 30 (1st Cir. 2004); Aguilar-Solis v. INS,

168 F.3d 565, 568 (1st Cir. 1999). "The Federal Rules of Evidence do not apply in INS proceedings, but the less rigid constraints of due process impose outer limits based upon considerations of fairness and reliability." Yongo, 355 F.3d at 30. In this case the record provides no support for appellants' claims that the IJ violated considerations of fairness and reliability.

The BIA issued an AWO as to each appellant, dated October 22, 2003. Each AWO stated in its entirety that "The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination. See 8 C.F.R. § 1003.1(e)(4)." We have confronted this procedure before. We have said:

> The AWO procedure allows affirmance by a single Board member, rather than the usual three-member review. The IJ's opinion is affirmed without further analysis, with the statement, "The Board affirms, without opinion, the result of the decision below." 8 C.F.R. § 3.1(e)(4)(B)(ii). The AWO procedure is available when a Board member determines that the result reached by the IJ was correct, that any errors in the decision were harmless or non-material, and that either the issue is squarely controlled by precedent and does not involve a novel fact pattern, or that the factual and legal questions raised are so insubstantial that three-member review is not warranted. Id. § 3.1(e)(4)(A)-(B).

El Moraghy v. Ashcroft, 331 F.3d 195, 205-06 (1st Cir. 2003).

We recently rejected a claim that the AWO procedure violates due process. See Albathani v. INS, 318 F.3d 365, 377 (1st Cir. 2003)(reasoning that intelligent review is possible without an

opinion by the BIA because "[t]he courts will continue to have the IJ's decision and the record upon which it is based available for review"). To the extent that appellants are arguing that specific errors by the IJ resulted in due process violations, we find those claims to be without merit.

I. Figueroa's Sworn Statements

Appellants object to the IJ's reliance upon Figueroa's written sworn statements (Exhibits 3 and 6) on the ground that they were not given voluntarily and were signed under duress. This argument is likely waived. After all, the appellants did not object at the immigration hearing to the admission of those statements. And even if the appellants have not waived their present objection, the record provides no support for its premise. The IJ considered the argument that the sworn statements were not given voluntarily and rejected it based upon the testimony of Figueroa and the INS officers present when the statements were given. Such findings of fact and credibility calls are reviewed under a "deferential 'substantial evidence' standard." Mendes v. INS, 197 F.3d 6, 13 (1st Cir. 1999). Our review of the record demonstrates that the standard is easily satisfied in this case.

II. Hearsay Evidence

Appellants claim that the IJ erred by relying upon testimony of an INS agent "based on speculations and on comments allegedly made by parties not available to be cross-examined." The

testimony at issue corroborated Figueroa's sworn statement that he had been in a common law marriage with Alicia Santiago-Gonzalez for nine years. Such testimony was elicited by appellants' own attorney, however, and any objection has therefore been waived. See Willco Kuwait (Trading) S.A.K. v. deSavary, 843 F.2d 618, 625 (1st Cir. 1988). Even absent a waiver, any error would have been harmless in view of the IJ's reliance upon Figueroa's sworn statement that he had been paid by Brito to marry her so that she could obtain residency papers.

III. Failure to Consider Evidence

Appellants claim that the IJ failed to consider evidence submitted by them which supported a finding of a bona fide marriage. Due process does not required the IJ specifically to mention each piece of evidence that is presented. See Kalitani v. Ashcroft, 340 F.3d 1, 5 (1st Cir. 2003). Moreover, the record in this case indicates that the IJ specifically addressed the documentary evidence submitted by respondents and articulated his reasons for not finding it persuasive. Appellants' claim that the IJ failed to consider the evidence they submitted is belied by the record.

IV. Failure to Point to Evidence Supporting Conclusion that Marriage was Fraudulent

The claim that the IJ failed to point to evidence supporting his conclusion that the marriage was fraudulent is

belied by the IJ's lengthy and detailed decision.  The IJ specifically discussed the evidence on which he relied in finding that neither Brito's nor Figueroa's testimony was credible.  Conversely, the IJ found that the INS Officers' "narration of the events surrounding the statements taken from [Figueroa] was credible."  Therefore, the IJ relied upon Figueroa's sworn statements that he and Brito had never lived together as husband and wife and that he had married her because he was offered payment to do so in order to aid Brito in obtaining residency papers.  The IJ sufficiently identified and discussed the evidence on which he relied in reaching his decision.

We conclude that the record does not support appellants' claims of error by the IJ.  Therefore, the BIA's decision summarily affirming his decision must be upheld.  Accordingly, the petition for review is <u>denied</u>.  <u>See</u> 1st Cir. R. 27(c).