**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1237

VESTON VOLCY,

Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

Veston Volcy on brief pro se.
William C. Minick, Office of Immigration Litigation, Peter D.
Keisler, Assistant Attorney General, Civil Division and Christopher
C. Fuller, Senior Litigation Counsel, Office of Immigration
Litigation, on brief for respondent.

---

December 21, 2004

---

**Per Curiam**.  Veston Volcy petitions for judicial review of a decision by the Board of Immigration Appeals (BIA) that affirmed without opinion the decision of an Immigration Judge (IJ) denying Volcy's application for asylum, withholding of removal, and relief under Article 3 of the United Nations Convention Against Torture (CAT).  When the BIA affirms the IJ's decision without rendering its own opinion, we review the IJ's decision as the decision of the BIA.  Ymeri v. Ashcroft, 387 F.3d 12, 17 (1st Cir. 2004).  Upon consideration of the parties' briefs and the record, we affirm.

The IJ concluded that Volcy was not credible in his claims of past persecution or fear of future persecution.  We review the finding of credibility under a deferential substantial evidence standard, Mendes v. INS, 197 F.3d 6, 13 (1st Cir. 1999), and uphold a denial of asylum unless an applicant puts forth evidence "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).  "[T]he IJ must, if he or she chooses to reject [the petitioner's] testimony as lacking credibility, offer a specific, cogent reason for [the IJ's] disbelief."  Gailius v. INS, 147 F.3d 34, 47 (1st Cir. 1998) (internal quotation marks and citation omitted).  The IJ's decision adequately details the reasons for his disbelief, e.g., the discrepancies among Volcy's various statements, the questionable validity of the KONAKOM ID

card, and his skepticism whether it was likely that, as Volcy claims, Volcy would be viewed as a threat to the government and hunted and harmed for making statements about land reform. The IJ's finding was sufficiently detailed and supported by substantial evidence. Volcy's appellate brief does not effectively counter the IJ's decision and neither his evidence below nor his arguments here compel a conclusion contrary to that decision.

Because Volcy does not satisfy the less stringent standard for asylum, *a fortiori*, he is unable to satisfy the test for withholding of removal. See Afful v. Ashcroft, 380 F.3d 1, 6 (1st Cir. 2004), petition for cert. filed (U.S. Nov. 3, 2004) (No. 04-7117). Similarly, to obtain relief under CAT, Volcy must show that it is more likely than not he would be tortured upon return to his country, a higher burden of proof than an asylum claim, which requires that he show a well founded fear of persecution. Settenda v. Ashcroft, 377 F.3d 89, 94 (1st Cir. 2004). Volcy's appellate brief makes no particular argument addressed to his CAT claim. In any event, although we have rejected a *per se* rule that an adverse credibility determination on asylum automatically defeats an application under CAT, we have acknowledged that it would doom some. Settenda v. Ashcroft, 377 F.3d at 95. This is such a case. The IJ's adverse credibility finding effectively undermines any part of Volcy's testimony that could serve as the relevant foundation for a successful claim under CAT.

Therefore, we <u>affirm</u> the decision denying the application for asylum, withholding of removal, and relief under CAT.  In light of that affirmance, Volcy's renewed motion to stay removal pending our consideration of this petition for review is <u>denied as moot</u>.