**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 04-1859

VÍCTOR AGUILAR-OSORES,

Petitioner,

v.

ALBERTO GONZÁLEZ,[*] ATTORNEY GENERAL,
UNITED STATES OF AMERICA,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

Stephen A. Lagana, with whom Lagana & Associates was on brief, for petitioner.
Jamie M. Dowd, Attorney, Office of Immigration Litigation, Civil Division, with whom Peter D. Keisler, Assistant Attorney General, and David V. Bernal, Assistant Director, were on brief, for respondent.

---

April 7, 2005

---

[*] Alberto Gonzáles was sworn in as United States Attorney General on February 3, 2005. We have therefore substituted Attorney General Gonzáles for John Ashcroft as the respondent. See Fed. R. Civ. P. 25()(1); Fed. R. App. P. 43(c)(2).

**TORRUELLA**, **Circuit Judge**.  Petitioner Víctor Aguilar-Osores appeals a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of his motion to reopen removal proceedings.  We affirm.

## I.  Background

Aguilar-Osores, a native and citizen of Peru, entered the United States at Miami, Florida, on October 4, 1996, as a nonimmigrant with authorization to remain in the United States until January 3, 1997.  On June 4, 2001, the Immigration and Naturalization Service ("INS")[1] issued a Notice to Appear, charging Aguilar-Osores with removability under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), for overstaying his visa.

In written pleadings on November 20, 2002, Aguilar-Osores, through his counsel John Loscocco ("Loscocco"), admitted the factual allegations against him, conceded removability, and requested relief in the form of voluntary departure.  The Immigration Judge granted Aguilar-Osores's request for voluntary departure until March 20, 2003.  Aguilar-Osores failed to depart by that date, and on August 27, 2003, the Department of Homeland Security arrested him.

---

[1]  In March 2003, the relevant functions of the INS were transferred into the new Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement ("BICE").  For simplicity, we refer to the agency throughout this opinion as the INS.

-2-

On November 25, 2003, Aguilar-Osores, through new counsel, filed a motion to reopen[2] before the Immigration Judge on the basis of ineffective assistance of counsel. On December 22, 2003, Aguilar-Osores filed a memorandum of law in support of his motion to reopen. Aguilar-Osores contended in the memorandum that the filing deadline for a motion to reopen should not apply to his case because of Loscocco's ineffective assistance.

Aguilar-Osores stated that, after he received the Notice to Appear, he met with Loscocco for a consultation. According to Aguilar-Osores, he specifically asked Loscocco whether threats made against his life as a result of his work in the anti-terrorist unit of the Peruvian Police Department made him eligible to apply for asylum or some other form of relief. Loscocco told him that it was too late to apply for any type of relief except voluntary departure because Aguilar-Osores had been in the country for over one year,[3] and also suggested that Aguilar-Osores apply to the Diversity Visa Lottery Program. Loscocco then allegedly told Aguilar-Osores to attend a November 14, 2001 hearing at the Immigration Court,

---

[2]   Aguilar-Osores also filed a motion for an emergency stay of deportation. Since the instant appeal involves only the motion to reopen, we do not discuss any of the facts or proceedings related to Aguilar-Osores's motion for an emergency stay of deportation.

[3]  Subject to certain exceptions, an alien must file an application for asylum "within one year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). There is no such deadline for applications for withholding of removal. See 8 C.F.R. § 1208.4(a).

-3-

request a continuance to seek legal representation, and return to Loscocco's office. According to Aguilar-Osores, Loscocco indicated that he would then ask for a second continuance as Aguilar-Osores's legal representative. Aguilar-Osores stated that he did what Loscocco told him to do. He also stated that he met with Loscocco after the November 14, 2001 hearing, and again asked about the possibility of applying for asylum. Loscocco again told Aguilar-Osores that it was too late to apply for asylum. Loscocco appeared with Aguilar-Osores at the November 20, 2002 hearing, where Aguilar-Osores admitted the charges against him and requested voluntary departure. After the hearing, Loscocco took a $500.00 cash payment from Aguilar-Osores and gave him a sticky note as a receipt. Loscocco also mailed Aguilar-Osores a letter reminding him that he had to depart the United States by March 20, 2003.

In accordance with the requirements set forth in Matter of Lozada, 19 I & N Dec. 637, 639 (BIA 1988),[4] Aguilar-Osores attached to his December 22, 2003 memorandum in support of

---

[4] In order to screen frivolous ineffective assistance of counsel claims, the BIA requires that a motion to reopen based on ineffective assistance of counsel be accompanied by the following: (1) an affidavit from the alien detailing the agreement between the alien and the attorney; (2) evidence that the alien has informed his attorney of the ineffective assistance allegations and has given the attorney an opportunity to respond; (3) evidence that the alien has filed a complaint with the appropriate disciplinary body regarding the attorney's alleged conduct or a satisfactory explanation for not filing such a complaint. See Matter of Lozada, 19 I & N Dec. at 639; Asaba v. Ashcroft, 377 F.3d 9, 11 (1st Cir. 2004).

-4-

reopening a signed affidavit and a copy of an ineffective assistance of counsel complaint addressed to the Massachusetts Office of Bar Counsel. On January 5, 2004, Aguilar-Osores filed a motion to supplement his motion to reopen in order to apply for asylum based on changed circumstances in Peru.

On February 9, 2004, Aguilar-Osores filed a copy of Loscocco's response to the Office of the Bar Counsel addressing Aguilar-Osores's allegations. In this response, Loscocco stated that, although he met with Aguilar-Osores on September 5, 2001, Aguilar-Osores did not retain him as counsel until the day of his removal hearing on November 22, 2002, when he paid Loscocco $500.00. Loscocco denied telling Aguilar-Osores to request a continuance at his November 14, 2001 hearing to seek legal representation. Loscocco also denied telling Aguilar-Osores that, as Aguilar-Osores's legal representative, he would seek a second continuance. According to Loscocco, he discussed the possibility of applying for asylum with Aguilar-Osores, but Aguilar-Osores did not claim to fear persecution, stating instead that he had come to the United States for economic reasons. Aguilar-Osores did not mention any threats against him, and stated that he was willing to return to Peru but hoped to stay in the United States for as long as possible in order to make money.[5] Loscocco explained that

[5] According to Loscocco, Aguilar-Osores also claimed to have visited the United States in 1994, but returned to Peru.

-5-

Aguilar-Osores was likely ineligible for asylum because (1) Aguilar-Osores had not applied for it within one year of his arrival in the United States, (2) the two exceptions to the one-year deadline likely did not apply, and (3) Aguilar-Osores had returned to Peru in 1994 after an earlier visit to the United States. He also explained that any claim for withholding of removal would not be likely to succeed since Aguilar-Osores would have to satisfy a higher burden of proof than for asylum.

Loscocco stated that he and Aguilar-Osores also discussed seeking permanent resident status through an alien labor certification, but that Aguilar-Osores's illegal stay in the United States barred that possibility. Loscocco also prepared Diversity Visa Lottery applications for Aguilar-Osores and his wife in the fall of 2002. Finally, Loscocco stated that, after the November 20, 2002 hearing, Aguilar-Osores did not respond to his calls and letter regarding his departure date, and that Aguilar-Osores never raised the issue of asylum or withholding of removal after the initial consultation. On February 24, 2004, the Immigration Judge denied Aguilar-Osores's motion to reopen. Aguilar-Osores timely appealed to the BIA, which affirmed the Immigration Judge's decision on June 15, 2004. This appeal followed.

## II. Discussion

Aguilar-Osores raises three claims: (1) that equitable tolling should be applied to his motion to reopen because of ineffective assistance of counsel claim, (2) that the BIA abused its discretion in denying the motion to reopen so that he could apply for asylum, and (3) that Aguilar-Osores was denied due process because he was deprived of the opportunity to seek asylum and withholding of removal before the Immigration Judge. We deal with each in turn.

"The abuse of discretion standard governs judicial review of the denial of a  motion to reopen, regardless of the substantive claim involved." Jupiter v. Ashcroft, 396 F.3d 487, 490 (1st Cir. 2005). We will find an abuse of discretion when "the BIA misinterprets the law, or acts either arbitrarily or capriciously." Canaveral Toban v. Ashcroft, 385 F.3d 40, 45 (1st Cir. 2004) (internal quotation marks and citation omitted).

## A. Ineffective Assistance of Counsel and Equitable Tolling

A motion to reopen before the Immigration Court "must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.23(b)(1). The Immigration Judge entered the order for voluntary departure on November 20, 2002. Aguilar-Osores filed his motion to reopen on November 25, 2003, well past the ninety-day deadline set forth in

8 C.F.R. § 1003.23(b)(1).[6]  Aguilar-Osores does not dispute this fact, but instead argues that equitable tolling should be applied to his case.  We need not reach this issue, however, because even if Aguilar-Osores's motion to reopen had been timely, he failed to establish ineffective assistance of counsel.

An alien claiming ineffective assistance of counsel must generally demonstrate prejudice, see Canaveral Toban, 385 F.3d at 46,[7] which Aguilar-Osores has failed to do in the instant case.  The Immigration Judge, after evaluating Aguilar-Osores's allegations and the response by Loscocco, stated that "this Court does not find a valid ineffective assistance of counsel claim."  The Immigration Judge concluded that Loscocco "offered the respondent [Aguilar-Osores] a comprehensive consultation disclosing all the potential consequences of filing any form of relief."  The Immigration Judge also found that Aguilar-Osores had come to the United States to earn money, that Loscocco provided him with comprehensive and careful advice, and that it was Aguilar-Osores's "uncoerced decision" to pursue voluntary departure.  In other words, the Immigration Judge found that Aguilar-Osores made a fully

---

[6]  Aguilar-Osores's brief appears to argue from the premise that he had 180 days to file motion to reopen.  However, the 180-day time limit only applies where an order of removal or deportation has been entered in absentia.  See 8 C.F.R. § 1003.23(b)(4)(ii)-(iii).  Aguilar-Osores was present at his hearing on November 20, 2002, and the ninety-day time limit therefore applies.

[7]  The requirement to demonstrate prejudices applies "except in the extreme case."  Canaveral Toban, 385 F.3d at 46.

-8-

informed choice to pursue only voluntary departure, given the low chances for success on an asylum claim and that Aguilar-Osores had come to the United States for economic reasons.

The BIA affirmed this finding, noting that Aguilar-Osores "did not establish a prima facie case for reopening as his former counsel did not provide ineffective assistance."  After carefully reviewing the record, we do not believe that the BIA abused its discretion in making this finding.  We therefore find that Aguilar-Osores has not shown prejudice and affirm the BIA's decision regarding ineffective assistance of counsel.

## B.  <u>Application for Asylum</u>

The ninety-day limit to file a motion to reopen does not apply "if the basis of the motion is to apply for asylum . . . and is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding."  8 C.F.R. § 1003.23(b)(4)(i).  Aguilar-Osores argues that the BIA abused its discretion in finding that he failed to meet the standards set forth in 8 C.F.R. § 1003.23(b)(4)(i).  We disagree.

Aguilar-Osores argues that he presented evidence of the resurgence of the Shining Path guerilla organization in Peru during 2002 and 2003.  Since Aguilar-Osores worked for the anti-terrorist unit as a policeman in Peru and was involved in thwarting several

Shining Path operations, he argues that the Shining Path's resurgence would put him in danger should he return to Peru. As the BIA noted, the alleged resurgence of the Shining Path began at least seven months prior to Aguilar-Osores's November 22, 2002 hearing. Accordingly, this evidence was either available or could have been discovered or presented at the November 22, 2002 hearing. Aguilar-Osores attempts to circumvent this problem by arguing that this would have been impossible due to the alleged ineffective assistance of counsel. However, as we have already noted above, Loscocco did not provide ineffective assistance. We therefore agree with the BIA that evidence of the Shining Path's resurgence was available and could have been presented at Aguilar-Osores's November 22, 2002 hearing, and find no abuse of discretion in the BIA's decision regarding Aguilar-Osores's failure to meet the requirements of 8 C.F.R. § 1003.23(b)(4)(i).

## C.  **Due Process**

Finally, Aguilar-Osores argues denial of due process because, as a result of ineffective assistance of counsel, he was deprived of the opportunity to seek asylum and withholding of removal before the Immigration Judge.[8]  However, since Aguilar-

---

[8]  Aguilar-Osores failed to raise this claim before the Immigration Judge and BIA.  We could therefore find that he has waived this claim.  See Mendes v. INS, 197 F.3d 6, 12 (1st Cir. 1999).  However, we bypass the waiver issue because the claim is obviously meritless.

Osores has failed to prove ineffective assistance of counsel, <u>see</u> <u>supra</u> Part II(A), we find no due process violation.

### III. <u>Conclusion</u>

For the reasons stated above, the BIA's order is affirmed.

**<u>Affirmed</u>**.